Upon the case agreed, this Court is of opinion with the plaintiff. The controversy arises upon the construction of the following paragraph in the will of Henry Buchanan:
"5th Item. I give and devise to Alexander Riley one tract of land on which I now live, known as the Dickson tract of land, for him and his mother and the rest of the children to live on, until the youngest becomes of age; also, a negro boy named Alfred," etc.
The question is, whether Alexander Riley takes a fee simple in the land, or a term to last only through the minority of the youngest child. There is a general residuary paragraph in the following words:
"7th Item. I give and bequeath to my son, Richmond, all the remaining part of my property, or all my property not otherwise disposed of; and should Richmond die," etc. The legatee, Richmond, herein named, who is the defendant in this suit, claims the remainder in the land after the arrival at age (21) of the youngest child, which event has happened.
The language of the paragraph and the silence of the will in all its parts as to any remainder in land lead to the conclusion that it was testator's intention to give the entire legal estate to Alexander Riley. *Page 308 
"I give and devise to Alexander Riley one tract of land" is not the language which a testator usually employes when carving out a particular estate in land. "I lend" or "I give until" would be more obvious and natural.
There is no allusion in any part of the will to a supposed remainder in this important portion of his estate; and there is nothing in theresiduary item to induce a belief that it was then in any way present to his mind. Our duty, therefore, is plainly indicated by the rule of construction laid down in the statute law, Revised Code, ch. 119, sec. 26, which is in these words: "When real estate shall be devised to (481) any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."
The gift, by virtue of this declared will of the Legislature, must then be held to be a gift in fee simple, for there is nothing in the will to qualify or limit it. The words annexed to the gift, "for him and his mother and the rest of the children to live on until the youngest becomes of age," seem to be an inartificial way of creating a trust for a limited term, and may well be interpreted in that sense. Indeed, we cannot suppose that it was the intention of the testator, in so obscure a way, to qualify his former words of bequest, and to limit an estate for a term of years only.
There must be a judgment affirming that below, viz., that the plaintiff recover his term, etc.
PER CURIAM. Affirmed.