### J. P. H. RUSS v. ELIZA JONES, Exec'x. of LEROY JONES.

A testator, after leaving certain personal property to his widow, devises to her his lands in the following words: "also my land and stock of all kind, that I am in possession of, also all my other property," &c. I also empower my wife to give to my daughter E. and to W. (his son,) any of said property herein mentioned at any time, or from time to time, as said wife may think proper: *Held*, that the widow had only a life estate in the land, and that she had no power to convey the same by deed or otherwise to any person whatsoever, except her children named.

(*Young* v. *Young*, 68 N. C. Rep. 309, cited and approved.)

CREDITOR'S BILL, heard by his Honor, *Judge Tourgee*, at a Special (January) Term, 1874, of the Superior Court of WAKE county.

The plaintiff in behalf of himself and all others, the creditors of Leroy Jones, deceased, brings this action to subject certain lands to the payment of their debts.

Leroy Jones, the testator of defendant, died in 1864. His will was duly proved and the defendant, his wife, qualified as executrix, and took into her possession all his personal estate. This being insufficient to pay his debts, his creditors insisted on a sale of the real property in his possession at his death, including the tract of land upon which he resided. The defendant refused to institute proceedings to sell the land, claiming the same as her individual estate, and denying that it belonged to her husband, her testator.

The land formerly belonged to Solomon Bledsoe, who was the father of the defendant, and who at his death in 1840, devised the same with other lands to his widow, Mary Bledsoe, as follows:

"I bequeath to my beloved wife, Mary Bledsoe, all my property not given away, after all my just debts are paid, all my negroes, to wit: Will," &c., "also all my other property, household and kitchen furniture, plantation tools, &c. I also empower my wife to give to my daughter Eliza H. Jones,"

(the defendant,) " and William C. Bledsoe, any of said property herein mentioned, at any time, or from time to time, as said wife may think proper."

On the 29th July, 1844, the widow, Polly, conveyed the tract of land, now the subject of this controversy, by deed, in fee, to the said Leroy Jones, testator of defendant, who entered into possession of the same, and continued to occupy it, claim·ing title under said deed, until his death in 1864. The widow, Polly, lived with Jones for some four years before his death; and he and her son William gave her money from time to time as her necessities required. The inducement to make this deed to Jones was to enable him to vote in the Senate, which at that time required a certain quantity of land to enable him to do.

Polly Bledsoe, the widow of Solomon, died in 1861, leaving a will, in which she devised the land now sought to be sold, to the defendant, her daughter.

The plaintiff insists, that Leroy Jones was seized in fee of the said land, under the deed of the widow of Solomon Bledsoe, and that the same is liable to be sold, with his other real property, to pay his debts.

The defendant claims that the land belongs to her: alleging, 1st, that the deed to her husband, Jones, was void, as the widow Polly, her mother, had no power to make a deed; 2d, that it was void or ineffectual to convey said land, because of the uncertainty of the description contained therein; 3d, that the said widow of Solomon Bledsoe, having by her will, given to her, the defendant, personal property, which, *jure maritii*, became the property of her husband, Leroy Jones; and also having given to her, the defendant, the said tract of land, her husband was bound to elect whether he would take the personal property under the will and give up the land to the devisee therein, or hold the land under the deed and surrender the personal estate to the legatee; and that under the facts of this case, he was presumed in law, to have taken the personal estate under the will.

His Honor was of opinion that the doctrine of election did not apply to the case according to the facts stated, there being no ground to compel the said Leroy Jones to elect whether he would claim under the deed or under the will, and that there was no presumption that he claimed under the will instead of under the deed.

2. That the deed was not void or inoperative for uncertainty.

3. That under the will of Solomon Bledsoe, the devisee, Mary Bledsoe, took only a life estate in the said land and could only convey a life estate to said Jones ; and therefore the defendant took an estate in fee simple under the will of the said Mary.

Judgment accordingly, dismissing the action, from which udgment, plaintiff appealed.

*Batchelor, Smith & Strong,* for appellant.
*Fowle* and *Battle & Son,* contra,

Settle, J.  Unless we entirely discard the latter portion of Solomon Bledsoe's will, we are forced to the conclusion that it was his intention to give his estate to his wife for life only, coupled, however, with a power in her to dispose of the same, either during her life or at her death, to his two children, Eliza H. Jones and William C. Bledsoe.

It is clear that his children were the objects of his bounty as well as his wife.  This is the result, if we give to every key its proper sound.  It follows that Mary Bledsoe had no power to convey the lands of Solomon Bledsoe, by deed or otherwise, to any person except the children of the said Solomon, and that the only legitimate exercise of the power with which she was clothed is to be found in her will, by which she devised the remainder of the estate, limited to her for life, to the two children of the said Solomon.

The questions here involved have often been before the Courts, and in support of the positions here announced, we

deem it unnecessary to do more than call attention to the case of *Young* v. *Young*, 68 N. C. Rep., 309, and the authorities there cited.

The judgment of the Superior Court is affirmed.

PER CURIAM. Judgment affirmed.