SARAH F. McMICHAEL, Adm'x, and others v. MILTON HUNT, Ex'r of Jas. McNairy, and others.

### Construction of Will.

The will of a testator made the following disposition of a portion of his estate : "I give and bequeath to my son James, in trust for the use and benefit of my son Boyd, the sum of $2,000, to be paid out by my son James, as trustee, to the support and maintenance of my son Boyd, from time to time as his necessities may require ; the said $2,000 to be kept at interest, and the interest only to be used unless circumstances make it necessary to use and spend a portion of the principal.

There was no limitation over of the fund upon the death of Boyd, and no residuary clause to the will. The said Boyd was of feeble intellect and afterwards became a lunatic ;

*Held,* that the bequest to the use of Boyd was an absolute interest and at his death went to his administrator.

(*Donnell* v. *Mateer*, 5 Ired. Eq., 7 ; *Whedbee* v. *Shannonhouse*, Phil. Eq., 283, cited and approved.)

CIVIL ACTION heard upon exception to a referee's report at Spring Term, 1880, of GUILFORD Superior Court, before *Seymour, J.*

The plaintiffs appealed from the ruling of the court below.

McMICHAEL v. HUNT.

*Messrs. Scott & Caldwell,* for plaintiffs.
*Mr. Jas. T. Morehead,* for defendants.

SMITH, C. J. The only exception brought up by the plaintiffs' appeal for our consideration is to the ruling of the court in construing the fourth clause of the will of James McNairy. The testator died in October, 1840, and bequeathed therein as follows: I give and bequeath to my son James McNairy, in trust for the use and benefit of my son Boyd McNairy, the sum of two thousand dollars, to be paid out by my son James McNairy, as trustee to the support and maintenance of my son Boyd McNairy, from time to time as his necessities may require, the said two thousand dollars to be kept at interest and the interest only to be used, unless circumstances make it necessary to use and spend a portion of the principal.

There is no limitation over of the fund upon the death of the said Boyd, and no residuary clause contained in the will. Boyd was of feeble intellect and afterwards found to be a lunatic. and upon the death of the trustee, a guardian appointed to take charge of his estate. Boyd died on May 17th, 1878, intestate, leaving his wife, Elizabeth, surviving and without issue. The fund, constituting the legacy, was held and managed by James McNairy until his death in 1844, and subsequently passed into the hands of the defendant, W. W. Wiley, the guardian, who now has the principal unimpaired to be disposed of as the court may direct.

His Honor ruled that the bequest for the use of Boyd was absolute and at his death vests in his administrator, and adjudged that the money be paid to him, overruling the finding of the referee and sustaining the defendants' exception thereto. We concur in the opinion of the court that the restrictions imposed upon the trustee in the use and expenditure of the accruing interest were intended for the preservation of the fund for the life of Boyd, and ceased

at his death, when the legacy became unconditional and free.

The gift is of the entire sum of two thousand dollars to the trustee, for the use and benefit of my (his) son Boyd McNairy, and it is not qualified or restricted by the directions as to the investment and expenditure of the accruing interest in the support and maintenance of the beneficiary during his life. This was for the preservation of the fund and is not a withdrawal of the bounty intended for the legatee, and when the directions were executed, the legacy became absolute. This construction is necessary to avoid an intestacy, which a testator is not supposed to contemplate when disposing of his property, and still less when the intestacy would relate to a reversionary interest in a gift of personalty. This construction is in harmony with the current of judicial opinion in the interpretation of similar expressions.

In *Adamson* v. *Armitage,* 19 Ves. 416, the testator gave to the legatee the balance of his account in the hands of a certain person " with the interest thereon to be vested by my executors in the hands of trustees whom they shall choose and name, *the interest arising therefrom to be for her sole use and benefit;* and Sir William Grant held that the legatee was entitled to the absolute interest in the fund.

So where the testator bequeathed to his daughter " one hundred and twenty pounds per annum, (that is to say) the interest of four thousand pounds of my three per cent consolidated annuities," and added, " it is my wish and will that the interest as it becomes due to be added to the principal till she attain the age of twenty-one years, except twenty pounds per annum to find clothes," &c. ; it was decided that the bequest of the interest passed the principal. *Stretch* v. *Watkins,* 1 Mad., 253.

Again it was held that a bequest of " the interest of the remainder (after all my just debts may be paid) I give and

bequeath to my mother, A. S. Wynne, for her life and at her decease to Catherine Clough," conveyed the principal. *Clough* v. *Wynne*, 2 Mad., 188.

The case decided in this court, *Donnell* v. *Mateer*, 5 Ired. Eq., 7, proceeds upon the same principle. The legacy in contention was in these words: "I leave three hundred dollars in the hands of my executors, to pay out to her (his daughter) as they see that she needs, if my estate will afford it;" Ruffin, C. J., says: "The testator intended perhaps to entrust his executors with a vague sort of discretion, as to the time of payment, but not with the discretion of withholding the payment altogether. The daughter had an absolute right to demand the whole sum at some time, and therefore it is a vested and transmissible legacy, and belongs to the administrator."

Again, where the testator directed the emancipation of his slaves and their removal and settlement in Africa, and appropriated a portion of his estate to meet the expenses of such removal, and the residue of the appropriated fund not needed for that purpose was to be distributed among them when they reached the place of destination, and the slaves became free before the time designated for carrying this provision into effect, the court determined that the whole fund belonged to them, although they remained in the state. *Whedbee* v. *Shannonhouse*, Phil. Eq., 283.

The counsel for the appellant in support of the construction which made an intestacy, cited a passage from 2 Roper on Legacies, 333, following the cases we have quoted from that author, in which he says: "If however from the nature of the subject, or the context of the will, it appears that the produce or interest of the fund was only intended for the legatee, the gift of the interest will not pass the principal." The proposition, the correctness of which may be admitted, although no authority is referred to from which the precise meaning and extent may be ascertained, does not bear upon

the bequest adversely to the views we have expressed. Not only are there no words of limitation used to confine it to the life of the legatee, nor disposition of the reversion, but the early declaration in the clause clearly indicates the testator's purpose that Boyd should have the money absolutely, and this paramount interest must prevail.

We therefore affirm the ruling of the court below in sustaining the exception. This will be certified.

No error.                                    Affirmed.