The object of this action is to obtain a construction of item 13 of the will of E. M. Holt, deceased, as to the disposition to be made by the trustees named therein, the defendants in this (243) action, of the fund bequeathed to them in trust — it being left in doubt whether the bequest in said item was intended to be limited to the beneficiary during his life or was simply restrained by a provision limiting his power of disposal thereof; the said beneficiary having by his last will treated the bequest to himself as an absolute one and in his turn disposed of the same, it was necessary for the protection of the trustees that the question should be submitted to the court and it is properly presented in this proceeding.
"Item 13. I give and bequeath to the trustees hereinafter appointed the sum of thirty thousand dollars, to be by them held in trust for my son, Alexander Holt, and this I intend as Alexander's full share of my estate."
So far there can be no question of construction; the above language plainly gives an absolute equitable estate in the whole fund to the cestuique trust.
But there is added to the foregoing this further clause:
"And they shall from time to time use so much of the interest, as it accrues, for his decent support, but not for his excessive indulgence. Any balance of interest is to be invested in good securities."
The question arises upon the last-quoted portion of the said item whether it does not so qualify and limit the bequest as to give to the said Alexander only a right during his life to such part of the interest accruing upon the principal as might be set apart to him by the trustees "for his decent support."
The elementary principle regarding the construction of wills, for which it is no longer necessary to cite authorities or to give reasons, is that the intent of the testator is to govern and that this intent is to be ascertained from a consideration of the whole will, in the light of the surrounding circumstances. As by law a will like that we have before us must be in writing, it cannot permit parol evidence to (244) be adduced, either to contradict, add to or explain the contents of such will. 1 Jarman Wills, sec. 349; Kinsey v. Rhem, 24 N.C. 192.
"But though it is the will itself, and not the intention as elsewhere collected, which constitutes the real and only subject to be expounded, yet in performing this office a court of construction is not bound to shut its eyes to the state of facts under which the will was made. On the contrary, an investigation of such facts often materially aids in elucidating the scheme of disposition which occupied the mind of the testator." 1 Jarman, sec. 363. *Page 156 
It will be observed that there are no admissions in the pleadings bearing upon the question, nor is there any testimony offered to aid us in our investigation. In this case we are strictly confined to the will, not the item itself to be construed, but to the whole will and to the circumstances of the case to be gathered from a careful reading of the will.
As no two cases are precisely alike we can derive but little aid from the application of recognized principles under other and different circumstances. The will was evidently drawn with great care, by a skilled hand, and under intelligent direction. We find no difficulty in reaching the conclusion that the great object of the testator, a man with large wealth and with a numerous family, was to make abundant provision for his widow during her life, and to provide for some of his grandchildren, and of the residue of his estate to make a just and equal distribution among all his children except Alexander, and he was to have a liberal provision in full of his share in the estate. It appears upon the face of the item under consideration that with regard to this son there was an apprehension in the mind of the testator that his (245) share, if placed in his own hands, might be dissipated in excessive indulgence.
It was suggested on the argument as a reason why the intention of the testator was to give only a life estate in the fund, or such part of the interest upon it as the trustees might deem just and necessary for his support, to this son, that he was unmarried and that he had reached that period of life when it was not probable he would ever marry, and therefore that he could have no family to be cared for. However true this may be, we are not at liberty to give it consideration, because it does not appear by the will nor by the admissions of the pleadings, nor by any evidence to that effect.
In a disposition by will no words are necessary to enlarge an estate devised or bequeathed from one for life into one absolute or in fee. Indeed, it is generally necessary that restraining expressions should be used to confine the gift to the life of the legatee or devisee.
If there had been no residuary clause in this will, under the principle that one will not be presumed to die intestate as to any part of his property when by a reasonable construction of the will such presumption can be avoided, it would have been conclusive that the testator intended an absolute gift for the benefit of his son, Alexander, though limited as to his enjoyment thereof. McMichael v. Hunt, 83 N.C. 344. The provisions for the disposition of the residuum are found in items 20 and 21, and it will be found that the sources from which this residuum might be derived are referred to as (1) all stocks and bonds not heretofore disposed of; (2) all property, both real and personal, not *Page 157 
heretofore disposed of; (3) the proceeds of property in Charlotte and Lexington hereinbefore directed to be sold; (4) all the residue of my estate arising from the collection of debts; (5) or otherwise.
None of these, unless it be the last, would embrace the remainder in the fund bequeathed to his son, Alexander, and the care (246) with which the will was drawn would prevent us from determining that the words "or otherwise" were intended to control the character of the bequest in item 13.
We find that in the other items of the will where life interests were devised or bequeathed the intention is plainly expressed and words of disposition equally explicit are used as to the remainders. See items 2, 3, 4 and 5. Instances of absolute gifts of personalty may be found in items 11 and 12 without any express words to show the extension of the bounty to the distributees or assigns of the beneficiaries.
The words "and their heirs" are used where real estate is the subject of disposition, as in item 9, and where it was desired to provide a right of survivorship among certain beneficiaries, as in item 10. And when the proceeds of sales of stocks and bonds were to be divided among his sons and daughters, those shares given to married daughters were to be held by trustees for them and their heirs.
Items 13 and 17 are in their nature very similar, the evident object being to restrain the disposition by the beneficiaries in such manner as to do them injury rather than good; in neither of these items are there plain words restraining the gifts to the lives of the legatees; indeed, in item 17 it appears that it was in the contemplation of the testator that in a certain event the legatees therein named should take an absolute estate freed from the interposition of trustees.
It was suggested on the argument by the learned counsel for the defendants that if the bequest was intended to have been an absolute one and not merely for the life of the beneficiary, his power of disposition was necessarily such that he might defeat the purpose of the testator by an assignment or transfer of his interest in the fund bequeathed to him, but it is plain to us that the trustees in item (247) 13 held the legal title to the fund for the purpose of the administration of the trust, the payment of the interest to the cestui que trust
according to his necessities and not for his excessive indulgence. Thecestui que trust had no control over the fund, not even of the accumulation of interest over what may have been paid to him by the trustees; therefore he had no power nor equitable right to dispose of principal or of any part of the interest which was not paid over to him. And he could not defeat the object of the testator by any conveyance of his interest to take effect during his lifetime. If there might have been such a conveyance by deed or will of the fund to take effect after his death *Page 158 
as to have enabled him to partially defeat the object of the testator, the difficulties in the way of such conveyance made it a remote possibility.
A general rule of construction is that in a bequest of the interest, no express disposition having been made of the principal, it goes to the legatee of the interest, unless indeed it appears from the nature of the subject or the context of the will that the interest only was intended for the legatees. McMichael v. Hunt, supra.
Without doubt prior words in a will may be controlled and modified as to their meaning by subsequent expressions, and, as we have before said, the intent of the testator is to be reached from the whole will. If by the context it appeared that the intention of the testator was to give to his son Alexander a life interest only, there would be no difficulty in controlling the general words in the first clause of the item, the effect of which, without modification, would have been to have given an absolute title, but taking the will for our guide, and examining its every provision to enable us to reach the true intent of the testator, we (248) are of the opinion that for satisfactory reasons he gave to his son Alexander, in full of his share in the estate, the sum of thirty thousand dollars, and that he placed this sum in the hands of trustees with power and discretion to pay over to his said son so much of the interest as was necessary for his decent support, and the balance to hold for his benefit and subject to such disposition as he might make thereof by will, or in case of his intestacy to go in course of distribution to his next of kin according to law. There is no error.
Affirmed.
Cited: Crudup v. Holding, 118 N.C. 230; Lyon v. Bank, 128 N.C. 76;Deans v. Gay, 132 N.C. 229; Foil v. Newsome, 138 N.C. 118; Haywood v.Wright, 152 N.C. 432; S. v. Lumber Co. 155 N.C. 392; McLean v. Jones,159 N.C. 76; Fellowes v. Durfey, 163 N.C. 312; Bowden v. Lynch,173 N.C. 206.