LYON v. BANK.

(Filed March 26, 1901.)

1. WILLS—*Construction*—*"Personal Representatives."*

> The words "personal representatives," as used in the will in this case, mean the executor or administrator, not the next of kin.

2. WILLS—*Right to Devise*—*Beneficiary.*

> Where interest on money is bequeathed, the principal to be paid to the personal representative of the beneficiary at her death, said beneficiary may dispose of the same by will.

ACTION by Robert E. Lyon against The Fidelity Bank, as executor and trustee of R. B. Lyon and William O'Rouke, heard by Judge *W. B. Council,* at February Term, 1901, of DURHAM County Superior Court. From judgment for defendant, the plaintiff appealed.

*Boone, Bryant & Biggs,* and *Graham & Graham,* for the plaintiffs.
*Winston & Fuller,* for the defendant.

CLARK, J. By the fifth clause of the will of Mrs. Mary E. Lyon, she bequeathed and devised the bulk of her estate, to be divided in equal shares, to her husband and children, the division to be made by her executors. At the end of this clause she adds: "But after ascertaining and allotting the share of each beneficiary under this item, they shall retain out of the

share of each child, or issue of a dead child, one-tenth part thereof, which part so remaining may be held in specie or converted into money at the election of said executors, and invested for the benefit of such beneficiary, to whom all the interest accruing thereon shall be paid so long as said beneficiary lives; and as each beneficiary dies, his or her retained part shall be paid or delivered to his or her personal representative."

The sole question presented is whether, by the last two words she meant "executors and administrators" or "next of kin."

These words are to be construed in their ordinary and usual signification unless the context shows that the testator had a different intention, in which event that construction should be placed upon the words which will effectuate the evident intention of the testator.   We are cited to many cases in which the meaning of words used in a will have been construed in other than the most usual sense to conform to the context, but they have no application here.   The will is carefully and accurately drawn.   The draftsman seemed to know well the meaning of the legal expressions used.   The intent of the will seems to be that each beneficiary was to have the absolute enjoyment of his share except as to the retained one-tenth, of which he was to enjoy only the interest, but at the death of the beneficiary this one-tenth was to go to his executors and administrators—his personal representatives. *Overman v. Jackson,* 104 N. C., 4.   That is to say, it was to constitute a part of his estate, and as such was subject to disposition by the will of such beneficiary and to liability for his debts.   It could not be touched during his life, as he could receive only the interest thereon.   There is nothing to indicate an intention to tie up such one-tenth for a longer period than the life of the beneficiary, or to give it over in remainder to his next of kin.   *Holt v. Holt,* 114 N. C., 241.   The one-

tenth was retained solely for the benefit of the beneficiary, that the income thereon might provide him a support in the event of the loss of the nine-tenths given him absolutely at the death of the testator.

Whether the *corpus* of the one-tenth should go at the death of the beneficiary to his estate or over to the next of kin in remainder, in either case, the beneficiary was not disabled to assign or dispose of the interest accruing thereon, and there is nothing indicating an intention of the testator to put a greater restriction as to the principal of the one-tenth after the death of the beneficiary, either in favor of the next of kin or to prevent disposition of it by will of the beneficiary or to exempt it from liability for his debts. Such provision might have been inserted in the will, but it is not expressed by the words used. The provision, as it is written, merely prevents any control over the principal of the one-tenth by the beneficiary, or its being subjected for his debts, as long as he may live.

No error.