COY R. JONES v. JOHN D. K. RICHMOND ET AL.

(Filed 9 April, 1913.)

**1. Wills—Devises, "Fee Simple"—Interpretation of Statutes.**

A devise of land is construed to be in fee simple, unless otherwise expressed, or the intent of the testator, gathered from the will itself, shows to the contrary.  Revisal, 3138.

**2. Wills—Interpretation—Devises, Fee Simple—Trusts and Trustees —Descent and Distribution.**

Where by an item in a will, which is complete in itself and requires no further construction of the other parts of the will to show the intent of the testator, a devise of lands is made to four of his children, appointing a trustee to whom the executors are to turn over the real and personal property therein mentioned, to be used by him in his discretion for their maintenance and support until the youngest devisee becomes 21 years of age, and then the trustee may apportion among them certain amounts, either in money or property, as he may deem proper and right: *Held*, that the fee-simple title of the lands devised in this item vested in the four children therein named, subject to the trust imposed, and upon the death of one of them during minority it descended to her heirs at law.

**3. Wills — Property—Words and Phrases—Interpretation—Intent— Items Construed Together.**

While the word "property" is broad enough under some circumstances to embrace realty as well as personalty, it will not so be construed as to apply the language used in one item of the will, where it was so intended, to another item which is complete in itself and expresses a different intent.

**4. Same—Fee Simple—Contingent Limitations.**

Where in a certain item of a will a bequest is made to four of the testator's children named in the preceding item, "not to be sold, and used for their good.  If either of these four last named children should die, the property to go to the survivors of said four children," it is *Held*, that by the use of the word "property," the testator had reference only to the property mentioned in this item, and not to that of the former item, wherein by proper construction the lands therein specified were devised in fee, subject to certain trusts imposed for the benefit of these children.

APPEAL by defendants from *Whedbee, J.,* at November Term, 1912, of PERSON.

*Bryant & Brogden for plaintiff.*

*L. M. Carlton, S. M. Gattis, Carver & Winstead, E. Lunsford, for defendants.*

CLARK, C. J. This is a petition for partition, the plaintiff claiming an undivided one-sixteenth interest in the lands described in the complaint. The answer having denied the title of the plaintiff, the cause was transferred to the Superior Court for trial. In that court it appeared from the admissions of the parties that the title depends upon the construction of the will of D. W. K. Richmond, who left surviving him one daughter, Mollie, by his first wife, now deceased, whose only child is the plaintiff. He left by his second wife four children, one of whom, Frances Kate, died soon after the testator, at the age of 7 years. The plaintiff claims that the realty devised in item 3 of the will to the four children by the second marriage became vested in them in fee, and that at the death of Frances Kate, he became entitled as heir at law to one-fourth of her interest, *i. e.,* to one-sixteenth of the 4¼ acres which is the real estate in controversy. The defendants claim, on the contrary, that on the proper construction of said item 3 of the will, that on the death of Frances Kate they became entitled to her interest.

The defendants claim that items 2 and 4 throw light upon the proper construction of item 3.

Items 2, 3, and 4 of the will are as follows:

"Item 2: I give unto my daughter Mollie the tract of land lying between the Roxboro and Hillsboro roads and the Durham and Milton road, including the dwelling-house I now live in, with all other outside improvements, barns, etc., also one-half interest in the lands in Orange County; also one-half interest in the lands of Dallas County, Ark.; also the parlor furniture, including the piano; also two beds and steads, one bureau in the girls' room; and my desire is that my daughter Mollie divide the bedclothing between herself and my other children. It is my wish that none of the house furniture be sold that will be of service to the children.

"Item 3: The balance of my lands, including mills and store lot, I leave to my other four children, Eugene J., John D. K., Earl, and Fannie Kate. And it is my desire that S. Y. Brown become trustee for my four children above named without being required to give bond as trustee. And it is my desire that my executors hereinafter named turn over to the said trustee all lands and money that said children are entitled to, to be used by said trustee at his discretion for the maintenance, support, and education of said children until the youngest child becomes 21 years old; if, in the discretion of the trustee, as the children become of age, he may apportion certain amounts, either in money or in property, as he may deem proper and right.

"Item 4: It is my desire that all my household and kitchen furniture not already mentioned that can be preserved and used for the benefit of my four last named children be not sold, and used for their good; if in case either of these four last named children should die, the property to go to the survivors of said four children."

Revisal, 3138, provides: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall in plain and express words show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

His Honor held that the real estate in item 3 became vested in fee in the four children therein named, and hence that at the death of Frances Kate her one-fourth interest descended upon her heirs at law, one of whom is the plaintiff, the only child of her deceased sister, Mollie.

The subject-matter referred to in item 3 is not referred to either in item 2 or item 4. Item 2 devises certain lands to Mollie, the daughter of testator, and also gives her a few articles of personal property and directs her to divide the bed-clothing between herself and his other children, expressing the wish that none of the house furniture be sold that would be of service to the children. This is emphasized in item 4, which expresses a wish that "all my household and kitchen furniture

not already mentioned that can be preserved and used for the benefit of my four last children be not sold, but used for their good; if in case either of the four last named children should die, the property to go to survivors of said four children." The defendants asked the court to construe the word "property" in item 4 to embrace the real estate devised in item 3, and thus to place a limitation for life thereon. This would be a forced construction. Item 3 is complete in itself, as to the real estate therein given, as much so as item 2 to the real estate therein devised. Item 4 has reference only to the household and kitchen furniture, and the word "property" as therein used naturally refers to said articles of personal property mentioned in that item. While the word "property" is broad enough to embrace real estate under some circumstances, in the connection in which it is here used it evidently applies only to the household and kitchen furniture in said item 4.

If the word "property" used in item 4 extended to embrace the real estate, it would follow that in case of the death of either of the last four named children such realty would go to the "survivors" and not to their children, should they leave any, which intention cannot reasonably be imputed to the testator.

The first sentence in item 3 devises the land therein given to his four children named. The second sentence names the trustee for them, to act without bond. The third is a direction to his executor to turn over to the trustee all lands and moneys that said children are entitled to, to be used by the trustee at his discretion, for their maintenance, support, and education until the youngest should become of age, the trustee being authorized in his discretion, as the children severally become of age, to apportion certain amounts in money or property to them, as he might deem right and proper. There is no limitation, no creation of a life estate, and no words to restrict the interest, or suggest how it should go upon the death of either of the children. If Frances Kate had lived till she was 21, or had died leaving children, is there any question that said real estate at her death would have gone to her children or heirs at law? Yet if the word "property" in item 4 applied to the realty in item 3, then if Frances Kate had died leaving chil-

dren the realty would have gone to the "survivors" of the four children, and if she had arrived at age, she could not have conveyed her interest in fee.

The court below properly held that Frances Kate took the realty in fee, and that upon her death one-fourth interest in her share descended upon the plaintiff as one of her heirs at law.

Affirmed.