E. H. FELLOWES ET ALS. V. C. K. DURFEY ET ALS.

(Filed 22 October, 1913.)

1. **Wills—Construction—Intent.**

    Wills are construed to effectuate the intent of the testator, as gathered from the terms of the will itself.

2. **Wills—Devises—Fee Simple—Interpretation of Statutes.**

    A devise will be construed as in fee, unless the contrary appears from the terms of the will by "clear and express words or it shall be plainly intended." Revisal, sec. 3138.

3. **Wills—Interpretation of Statutes—Devises—Limitations — Contingent Remainders.**

    The only restrictions imposed upon the power of the testator to dispose of his lands as he may please is the limitation as to duration of time, to a life or lives in being and twenty-one years thereafter, and as to certain contingent remainders. Revisal, sec. 1590.

4. **Wills—Devises—Construction—Intent—Fee Simple.**

    A devise and bequest to the testator's wife of all of his estate, real or personal, wherever located or however held, including that held at the time of his death, as absolutely as he held it himself, declaring that she should not be considered as holding it in trust "technically so called, to be enforced by the judgment or decree of any court other than her own conscience, judgment, and affection shall prompt her to so regard it": *Held*, the devise and bequest to the widow, under the clear terms of the will, was in fee absolute.

5. **Same—Subsequent Expressions—Life Estates—Power of Disposition—Trusts and Trustees.**

    Where a testator devises all of his estate to his wife, clearly and unmistakably in fee, a different intent may not be inferred from subsequent expressions used in the will, enjoining her to reserve to herself the homestead and sufficient means of support of herself and family; or setting forth the method of making advancements to their children, which he evidently expected she would make, that the children be charged therewith, except as to their support and education; or stating that his interest in an existing partnership should not be changed unless in her judgment she saw reason to do so; or that she rely on the advice of his brother, who predeceased him, in the management of the property or investment of the funds. Nor can such expressions be construed in this case as limiting the fee previously devised into a life estate to be held in trust, with power of disposition.

163—20

**6. Wills—Devises—Marriage—Defeasible Estates.**

> A devise to the wife providing that should she marry again the property be divided among her and her children according to the statute of distribution and by the methods he suggested, creates a fee defeasible upon the contingency of her marriage.

APPEAL by defendant from *Carter, J.,* at April Term, 1913, of WAKE.

This is an appeal from a judgment construing the will of Rufus S. Tucker, which is as follows:

RALEIGH, N. C., 6 February, 1880.

I, Rufus S. Tucker, merchant, residing in the city of Raleigh and State of North Carolina, do make and publish this as my last will and testament, at my own home and in my own handwriting.

I give, devise, and bequeath to my dear wife, Florence Perkins Tucker, all my estate, real or personal, wherever located or however held, or all that I may acquire or hold at the time of my death, of whatever nature or description, then belonging to me. I desire that my wife shall take, hold, and own, just as now I hold and own or shall hold and own at the day of my death; I declare her interest in my estate, real and personal, shall be as absolute as my own, and not be considered or taken as a trust, technically so called, to be enforced by the judgment or decree of any court other than her own conscience, judgment, and affection shall prompt her to so regard it. In thus bestowing on my dear wife, Florence, all that I am worth, I·wish my children to understand that in so doing I act upon the best convictions of my judgment and from knowledge of their mother's affection, love, and interest in the welfare, comfort, and happiness of each and all of our children, and in the belief that thereby I best protect and control them, and that she will from time to time, as her judgment, sense of justice and duty shall in her own will direct, and as the necessities and wants of our children shall require, make to them such advancements, in cash or property, as she shall think best and proper.

I enjoin it upon her at all times to reserve to herself, as the occupant of the homestead (which is her home) and the proper

head of the family, sufficient means for the proper living of herself and family. That in making advancements to our children she shall charge such child with his or her advancement, if in property, at its market or cash value at the time of the advancement; and if any child shall be advanced by me during my life, such child or children shall be charged, of which I will file for my wife's instruction with this will a full statement, and for which such child or children must account in any division that may be made by my wife, or otherwise, of my property. She will understand that the proper nurture and education of her children is not to be regarded as advancements, and have never been so regarded or charged by me.

Should my wife marry again, then it is my will that my wife and children shall select three disinterested friends, my brother William (if living) being one, who shall make an equal and just division of my property between her and all of our children, or their legal representatives, as if made under the statute of distributions in this State; and in the event of her death as my widow, she may direct by writing the selection of three intelligent and disinterested friends (my brother William being one, if living), who shall make such equal and just division of all my property or estate remaining in her hands, bringing into view and account all previous advancements.

I constitute and appoint my wife, Florence, the executrix of my last will and testament, without security or bond, and desire that so long as she can have the aid and direction of my brother William's advice, that she will be directed by him in the care and management of the property and the investment of any funds not needed or required by her in the proper nurture and maintenance and education of her family. Most of my personal and real estate is now in the name of W. H. & R. S. Tucker, and my desire is that it should remain in the same name or firm, unless there should be found some good reason why it should be changed; in that event, my wife can make the change.

In testimony of all which I have hereunto placed my name and seal.                    RUFUS S. TUCKER    [SEAL].

Raleigh, N. C., 6 February, 1880.
Executed before C. McKimmon, W. T. McGee. .

NOTE.—Raleigh, N. C., 9 February, 1894. I have decided to keep no record of advances made to my married children, as I have advanced to them as their necessities required. My wife knows about the amounts advanced.          RUFUS S. TUCKER.

No advances have been made to my unmarried children.

R. S. T.

Rufus S. Tucker died 4. August, 1894, seized of a large estate, real and personal, and his widow, Florence P. Tucker, who was named therein as devisee and executrix, qualified and entered into possession, claiming the property in fee under said will. She died 11 December, 1909, leaving a will whereby she disposed of the property, which she had taken possession of under the terms of her husband's will under the belief that she possessed the same in fee simple; and at the same time disposed, without distinguishing it, of her property which she had received from other sources.

The court below being of opinion that the property devised to her under the will of her husband was not held by her in fee, but in trust, so adjudged, and the defendants appealed. This action was begun 8 September, 1911. The parties, plaintiffs and defendants, other than C. K. Durfey, the surviving executor named in the will of Florence P. Tucker, are her five daughters and their living husbands and the children of a deceased son.

*Tillett & Guthrie and Winston & Biggs for plaintiffs.*
*J. H. Pou, S. B. Shepherd, and W. H. Pace for defendants.*

CLARK, C. J. The decision of this case affects the present control and custody of a large amount of property, and to a lesser extent its ultimate destination, for the will of Mrs. Tucker substantially divides it equally among her children, and the children of a deceased son, share and share alike, but with the exception of a cash devise to each and some personal property, gives her children the annual interest only, and devises the principal of each share in trust to be divided

among the grandchildren at the death of their mothers. The will of Florence P. Tucker is not presented for construction, but the fact that the bulk of the principal of the estate is thus tied up during the lifetime of her children, who are to receive merely the interest, is the ground of the action on the part of the plaintiffs, who contend that the property was not devised to her by her husband in fee, and that the estate should be divided at this time.

The elementary rule for the construction of wills is that every will shall be construed to effectuate the intent of the testator, and that this intention must be gathered from the terms of the will itself. The testator was a man of large estate and of high intelligence, a graduate of the State University, and, as the will itself states, it is written entirely in his own handwriting and is dated fourteen years prior to his death.

The language of the will is explicit, and the testator's intention is very clearly expressed, in these words: "I give, devise, and bequeath to my dear wife, Florence Perkins Tucker, all of my estate, real and personal, wherever located or however held; or all that I may acquire or hold at the time of my death, of whatever nature or description then belonging to me. I desire that my wife shall take, hold, and own, just as I now hold and own, or shall hold and own at the date of my death. I declare her interest in my estate, real and personal, shall be as absolute as my own, and not to be considered or taken as a trust, technically so called, to be enforced by the judgment or decree of any court other than her own conscience, judgment, and affection shall prompt her to so regard it.

These words are so clear and peremptory that we cannot conceive that the testator meant other than to devise his entire property to his wife to "hold and own just as he held and owned, or should hold and own it at the day of his death," and that "her interest in his estate, real and personal, should be as absolute as his own, and not to be considered or taken as a trust, technically so called, to be enforced by the judgment or decree of any court other than her own conscience, judgment, and affection should prompt her to so regard it."

There is nothing that follows in this will which can shake

FELLOWES *v.* DURFEY.

or throw a doubt upon this so clear expression of the testator's intention, which was declared to be to vest the estate "as absolutely in his wife as the testator held it at his death," and by anticipation forbids any construction of the will which should hold its terms as giving her an interest as trustee and not absolutely.

The next paragraph in the will is an explanation to his children of the reason why he has thus devised the estate absolutely to his wife. He then enjoins upon her to reserve to herself the homestead and sufficient means for the proper support of herself and family. Counsel for the plaintiffs place emphasis upon the word "enjoin." But with the context it is merely the expression of solicitude and a desire that his wife should not out of affection for her children strip herself of a sufficient support and maintenance.

The next paragraph of the will is advice to his wife as to the method of making advancements, which he naturally and evidently expected she would make to the children, and that the children shall be charged for such advancements at the market value at the time, and, further, he expresses the desire that the support and education of the children shall not be regarded as an advancement.

The next paragraph provides that in event his wife should marry (which event did not occur), the property should be divided between her and his children according to the statute of distribution and by the method he suggested. In short, the testator gave his wife a fee in his estate, defeasible on the contingency of her marriage.

The next paragraph of his will appointed his wife sole executrix without security or bond, and expresses a desire that she will avail herself of the advice of his brother, William (who predeceased him), in the management of the property and the investment of surplus funds, adding a desire that his interest in the mercantile firm of which he and his brother were members should remain unchanged unless his wife should find good reason for a change, which was left entirely to her judgment. This is the whole will.

The very able and learned counsel on both sides who argued this cause have cited us to a very large number of cases. But we do not think that they can add to the understanding of this will, which is the clear expression of his intentions as to the disposal of his property, by an educated, intelligent gentleman who knew how to make himself understood in other matters and whose words in this important matter admit of no doubt or ambiguity.

Citations of the decisions of many courts as to other wills, whose language is more or less similar to that here used, cannot aid us, for in few of them, if any, has the intention to confer a fee been contested when so clearly expressed as in this case.

In *Griffin v. Commander, ante,* 230, the devise to the widow was of all the testator's estate, "with power to give and devise the same after her death to our beloved children and grandchildren; that inasmuch as they are and should be our lawful heirs, and that they are equally our own and well beloved by each of us, as their joint parents, she has the same right of distribution of our estate as I have, knowing no partiality or discrimination in the same." We held that the widow held the property in fee, and that the rule applicable was clearly stated in *Borden v. Downey,* 35 N. J. L., 77: "Where an estate for life is expressly given and a power of disposition is annexed to it, in such case the fee does not pass under such devise, but the naked power to dispose of the fee. It is otherwise in case there is a gift generally of the estate, with a power of disposition annexed. In this latter case the property itself is transferred."

In *Jackson v. Robbins,* 16 Johns. (N. Y.), 538, it is held to be settled law that "where an estate is given to a person generally, or indefinitely, with power of disposition, it carries a fee, and the only exception to the rule is where the testator gives to the first taker an estate for life only, by certain and express words, and annexes thereto a power of disposal; in that special and particular case the devisees will not take the estate in fee." This case was cited and approved in *Bass v. Bass,* 78 N. C., 374. To same effect, *Patrick v. Morehead,* 85

N. C., 62; *McKrow v. Painter,* 89 N. C., 437; *Parks v. Robinson,* 138 N. C., 269, and there are other cases in our Court to the same effect.

Counsel for the plaintiffs rely upon two cases in our own courts: *Young v. Young,* 68 N. C., 309, which in no wise resembles this, for there the property was given to the testator's wife "to be managed by her (and that she may be able the better to control and manage our children), to be disposed of by her to them in that manner she may think best for their good and their own happiness." In that case there was simply a trust in the wife and nothing more. The plaintiffs also rely upon *Russ v. Jones,* 72 N. C., 52. In that case the devise was to the wife, who was empowered "to give to my daughter E. all of said property at any time, or from time to time, as said wife may think proper." The Court held that this was a trust, and the wife had only a life estate, quoting as authority the above case of *Young v. Young,* which clearly does not sustain it. The case was evidently not well considered, and no reasoning is given and no authority cited other than *Young v. Young,* which, as we have said, is not in point. It is, however, not necessary to do more than to point out that the language there construed is no precedent for the construction of the language used in this case.

In *Burns v. Burns,* 70 C. C. A., 370, the Court said: "The tendency of the modern decisions, both in England and in this country, is to restrict the practice which deduces a trust from the expression by a testator of a wish, desire, or recommendation regarding the disposition of property absolutely bequeathed," citing 2 Story Eq. Jur., par. 1069; *Lambe v. Eames,* L. R., 10 Eq. Cas., 267; *In re Hutchinson and Tenant,* L. R.; 8 Ch. Div., 540; Pomeroy's Eq. Jur. (2 Ed.), par. 1015; *Foose v. Whitmore,* 82 N. Y., 405, 406; 37 Am. Rep., 572."

In *Holt v. Holt,* 114 N. C., 241, it is said: "In a disposition by will no words are necessary to enlarge an estate devised or bequeathed from one for life into an absolute fee. Indeed, it is generally necessary that restraining expressions should be used to confine the gift to the life of the devisee or legatee." The act of 1794, now Revisal, 3138, requires that a devise shall

be held to be in fee unless the contrary appears by "clear and express words, or it shall be plainly intended." *Jones v. Richmond,* 161 N. C., 555.

Whatever may be said as to the consistency of testators who confer unrestricted power over property upon their grandchildren or more remote descendants, but who do not see fit to place the same power and confidence in their own children, who are restricted to the receipt of interest merely upon life estates (*Hodges v. Lipscomb,* 128 N. C., 57), testators as yet have such power, for the Statute of Wills which conferred the power to dispose of property by will (*In re Garland Will,* 160 N. C., 555), has not been restricted beyond limiting the power to devise to a life or lives in being and twenty-one years thereafter, and by the recent restriction as to contingent remainders (whether created by will or deed) under Laws 1903, ch. 99, now Revisal, 1590. *Anderson v. Wilkins,* 142 N. C., 159. Besides, the will before us for consideration is not the will of Mrs. Tucker, but that of Rufus S. Tucker, which contains no such limitations.

It would be the merest affectation of learning to quote the almost infinite number of cases in which language differing more or less from that used in this will has been construed by the courts in an effort to arrive at the testator's meaning, and to point out at great length wherein the words in each approximate or differ from the language used in the will before us.

But why darken counsel by multitude of words? The sole duty before us is to declare the meaning of the words of the testator in this case. To our apprehension, the testator gave his entire property as absolutely to his wife as he held it himself, and without annexing any trust; and he said this clearly and intelligibly and without ambiguity. He made this devise defeasible in the event of his wife's remarriage, an event which did not occur. His will expresses solicitude that his wife should retain sufficient property for her own use, and he evidently expected that she would pass it on to her children. But he did not confer on her any power of appointment, because he had given her the property absolutely, and if he had annexed the power of appointment, after the devise to her generally, indeed

explicitly, in fee, it would not have restricted her interest to a life estate, as the authorities cited from our own Court above amply demonstrate.

The judgment of the court below is

Reversed.