MRS. SARAH C. LEDBETTER v. D. L. CULBERSON.

(Filed 13 December, 1922.)

**1. Wills—Interpretation—Intent—Irreconcilable Provisions.**

In construing a will, the intent of the testator, as embodied in the entire instrument, must prevail, and each and every part must be given effect if it can be done by fair and reasonable intendment; and where, under this rule, it appears that a later item of a devise or bequest therein is irreconcilable with a former one, the general rule is that the last expression will prevail.

**2. Same—Title—Contracts to Convey—Deeds and Conveyances.**

By the first item of the will a testator devised and bequeathed to his wife "all of my property whatever and wherever found, . . . during her natural life only, the returns, income, and dividends accruing upon such stock as I may own at the time of my death" in a certain manufacturing concern; and provided in a later item that at the death of the wife the designated stocks and real estate not specifically including the *locus in quo* shall go to certain named collateral relations, with "remainder of my estate, both real and personal, not otherwise disposed of" to his wife, the title to vest in her absolutely and unconditionally at his death. After the testator's death the defendant contracted to purchase the *locus in quo* from the widow, and refused to accept her deed, denying her title under the will: *Held,* under a proper construction of the will, it was the intent of the testator that the fee-simple title to the lands in question should go to the widow under the later item of the will, which was reconcilable with the first thereof, and that the defendant comply with his contract of purchase.

APPEAL by defendant from *Long, J.,* at November Term, 1922, of RICHMOND.

Civil action, heard on case agreed.

It appeared that plaintiff, the surviving widow and principal devisee under the will of her husband, John L. Ledbetter, deceased, has contracted to sell to defendant a piece of her land, claiming to own same under the provisions of said will. Defendant, admitting the contract and title of John L. Ledbetter, as alleged, resists payment of the price agreed upon on the ground that the bargainor, under the terms of the will, did not have a good title. There was judgment for plaintiff, and defendant excepted and appealed.

*W. Steele Lowdermilk for plaintiff.*
*Bynum & Henry for defendant.*

HOKE, J. The title offered is dependent, as stated, on a proper construction of the will of John S. Ledbetter and the provisions of said will, and the facts more directly pertinent are stated in the "case agreed" as follows:

1. That John S. Ledbetter, at and before the time of his death, was a resident of Richmond County, North Carolina, and that his wife was Sarah C. Ledbetter, to whom he had been married for about 45 years.

2. That John S. Ledbetter died on or about 29 April, 1922, at the age of 73 years, without children or lineal descendants, leaving a last will, an exact copy of which is as follows:

LAST WILL AND TESTAMENT OF JOHN S. LEDBETTER, DECEASED

2 October, 1919.

*State of North Carolina and County of Richmond.*

I, John S. Ledbetter, of the State and county above written, doth hereby will, give, devise, and bequeath and by these presents doth will, give, devise and bequeath all of my property whatever and wherever found to my beloved wife, Sarah C. Ledbetter, during her natural life only, the returns, income and dividends accruing upon such stock as I may own at the time of my death in the Ledbetter Manufacturing Company.

The will then provides that on the death of his wife these stocks and certain specified real estate, not including the piece of land, the subject-matter of the contract, shall go to collateral relatives named, and closes with the following:

"I give, devise, and bequeath unto my said beloved wife, Sarah C. Ledbetter, to be hers and for own absolute and exclusive right, benefit and behoof forever, all the remainder of my estate, both real and personal, including money and choses in action, of which I may be seized and possessed. This item of my will bequeaths to my said wife all of my property of whatever kind and wheresoever located, not otherwise disposed of in this my will; and the title to all of same shall vest absolutely in my said wife unconditionally upon my death.

"I hereby constitute and appoint my said wife, Sarah C. Ledbetter, as the sole executrix of this my will, and I desire and direct that she not be required to make any monetary appraisement or returns of any sort or character to any court or courts of her actings and doings as such executrix, and she is specifically relieved from giving any bond for the performance of her duties as executrix of this will."

. Upon these items of the will, defendant contends that as the first clause gives all the testator's property to his wife during her natural life only, this definite limitation is controlling, and that on the death of the wife the land not specifically devised will descend to the heirs at law of the testator, but the property in question, as stated, is not included in the specific or other devises to take effect at the death of the wife, and

comes as clearly under the last clause of the will that makes her the absolute owner of "all the remainder of my estate" to be hers in absolute and exclusive ownership forever.

If the first and last items of this will are in irreconcilable conflict, the general rule is that the last shall prevail. *Taylor v. Brown,* 165 N. C., 157-163; *Haywood v. Trust Co.,* 149 N. C., at p. 218; *Baird v. Baird,* 42 N. C., 266. But to our minds there is no such conflict presented. In *Smith v. Lumber Co.,* 155 N. C., at p. 392, it is given as the accepted and well recognized position in the construction of wills: "That the intent of the testator, as embodied in the entire instrument, must prevail, and each and every part must be given effect if it can be done by fair and reasonable intendment, before one clause shall be construed as irreconcilable with another, citing *Holt v. Holt,* 114 N. C., 241, and *Davis v. Frazier,* 150 N. C., 447." A statement that is in very general accord with the authorities on the subject. *Satterwaite v. Wilkerson,* 173 N. C., 38; *In re Knowles,* 148 N. C., 465-468.

Applying this wholesome rule of interpretation, we think it clear that in this will the testator intended his wife to have the ownership and control of all of his property, including the income and accruing dividends on his stock in the Ledbetter Manufacturing Company, for her life only. The will then making disposition of his stock and certain specified real estate, to take effect at her death, gave to the wife all the property that remained in absolute ownership forever.

We therefore affirm his Honor's decision that the title offered by the wife is a good one, and defendant must comply with his contract.

Judgment affirmed.

ADAMS, J., not sitting.