WILSON GREENE ET AL. v. MRS. SALLIE GREENE LYLES ET AL.

(Filed 19 March, 1924.)

**Wills—Estates—Contingent Remainders—Defeasible Fee—Trusts.**

A devise of lands in equal parts to the testatrix's four daughters and her son, W., with the "exception" each one of them to give the daughter, A., $200 apiece of their portion, and what S. gets to be controlled by the son, W., to give S. a home for herself and children, and at their death to go to her brothers and sisters: *Held,* the testatrix's own daughter, S., and not her children, was the primary object of the testatrix's bounty; and her controlling intent, as ascertained by proper construction from the language used, was to give S. a fee in her part of the lands devised, defeasible on her dying without a child or children surviving, and in that event with remainder over to the brothers and sisters of S., the children of the testatrix, without creating an active trust for the benefit of her daughter, S.

APPEAL by Sallie Greene Lyles from *Grady, J.,* at February Term, 1924, of FRANKLIN.

Petition by tenants in common to sell land for division.

From the judgment and order entered, Mrs. Sallie Greene Lyles appeals, assigning errors.

*Wm. H. & Thos. W. Ruffin for petitioners.*
*B. L. Fentress and Roberson, Jerome & Haworth for respondents.*

STACY, J.  It is conceded that the interest of Mrs. Sallie Greene Lyles in the land ordered to be sold for division depends upon the proper construction of the following provisions in the will of Josie A. Greene:

"This is my will and wishes: I want my husband to have all management of my property until his death, then I want my property divided as follows: My property in Cedar Rock Township divided between my three children, Sallie Greene Lyles, Annie Greene, and Wilson Greene; the land in Cedar Rock Township deeded to me by Eugene S. Greene, Jr., to go back to him.  All my other I want it divided equally between our five children—Lillian Watson, Eugene S. Greene, Jr., Sallie Greene Lyles, Annie Greene, and Wilson Greene—with this exception, each one of the above-named children, Lillian, Eugene, Sallie and Wilson, is to give Annie $200 apiece of theirs.  What Sallie gets to be controlled by Wilson Greene.  I want her to always have a home for her and her children; at their death to go to her brothers and sisters."

In construing the foregoing provisions of the will his Honor held that "a one-third interest in the Cedar Rock Township tract and one-fifth interest in the remaining lands is vested in Wilson Greene as trustee for Sallie Greene Lyles during her natural life, and said trustee being charged with the duty of providing a home for said Sallie Greene Lyles and her children during her life; and upon the death of the said Sallie Greene Lyles the children of the said Sallie Greene Lyles then living, and the issue of any deceased child or children, shall succeed to a fee-simple estate in said share."  In this we think there is error.

The intent of the testatrix, as we understand it, was to give her daughter, Sallie Greene Lyles, a fee in the land devised, defeasible on her dying without a child or children her surviving.  C. S., 4162.  It is clear, we think, that Sallie Greene Lyles, and not her children, was the primary object of the testatrix's bounty.  "At their death to go to her brothers and sisters" means that in case all of Mrs. Lyles' children predecease her, then at her death, the death of Mrs. Lyles, without a child or children her surviving, the property shall go to her brothers and sisters.  But should Sallie Greene Lyles leave a child or children her surviving, the limitation over would fail, and the fee originally devised would then become absolute.

"Where real estate is devised in fee simple in one clause of the will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt about a subsequent clause, nor by any inference therefrom, or by any subsequent words that are not as clear and decisive as the words of the clause giving the estate in fee simple; and where a devise is plainly given in fee it will not be presumed that the testator meant by any subsequent words to reduce an estate to one for life, unless the language employed so indicates such intent and is as clear and in as strong terms as words in giving the estate in fee simple." *Watson, J.,* in *Hume v. McHaffie,* 81 N. E. (Ind.), 117. And to like effect are the decisions in North Carolina: *Riley v. Buchanan,* 60 N. C., 479; *Batchelor v. Macon,* 69 N. C., 545; *Holt v. Holt,* 114 N. C., 242; *Jones v. Richmond,* 161 N. C., 553.

Nor do we think the language of the will sufficient to create an active trust in Wilson Greene for the benefit of Sallie Greene Lyles under the more recent decisions. *Hardy v. Hardy,* 174 N. C., 505; *Carter v. Strickland,* 165 N. C., 69, and cases there cited.

Error.