Daniel, J.
 

 This is an action of ejectment. Walter Han-
 
 *512
 
 devised the land in controversy to his son, Joseph R. Hanrihan; the testator in his will then says, “ In case my son, Joseph R. Hanrihan, leave no issue at the time of his J then devise the aforesaid land already given him, to my son, William K. Hanrihan.” Joseph R. Hanrihan, in the year 1826, conveyed the land in fee by deed of bargain and sale, to the lessor of the plaintiff, and bound himself and his heirs by general warranty. William died in 1834, and Joseph was his only heir at law. And Joseph died in 1837, without issue. The defendant on
 
 the trial contended
 
 that, as Joseph had but a conditional fee, at the time he made the conveyance to the lessor of the plaintiff, the executory devise in fee over to William, which descended on Joseph, in 183d, on the death of William, did not pass, by the said deed to the lessor of the plaintiff, but became vested in (he heirs at law of Joseph, when he died without issue, in 1837. The Judge was of the opinion, that the deed of 1826 operated as an estoppel to the heirs of Joseph, and that they had-no title. We will not now stop to enquire, whether the estoppel, by force of the deed of 1826, extended any farther than the measure and extent of the estate, w.hich the bargainor • then had in the land; as we are of the opinion that the heirs of Joseph are certainly rebutted by the warranty, which descended on them. A lineal warranty is where the heir derived, or might by possibility have derived, his title to the land warranted, either from or through the ancestor, who made the warranty. Littleton S. 703, 711. 2 Blac. Com. 301. 1 Shep. Touch. 336, (Preston’s Edit.) And in all cases of a lineal warranty^ if the right of the estate to be barred be the right of an estate in fee simple, it is a bar with or without any assets; for the rule is that, as to him that demandeth fee simple by any of his ancestors, he shall be barred and bound by a lineal warranty that doth descend upon1 him, unless he be exempted by some statute. 1 Shep.-Touch, c. 337, 338. In this case it is the fee simple that is barred by the warranty descended on the heirs. But, suppose it be said that, as the limitation over to William, never
 
 vested
 
 in Joseph, the claimants are heirs of William as to the land which vested in them on the death
 
 *513
 
 of Joseph, without issue, (a question we do not decide,) still, if the warranty be either lineal or collateral, the heirs here to the land are also heirs to the warranty, and they are barred either with or without assets; as Joseph, at the time the deed was made, was in possession, having an estate of inheritance in the land — he had a
 
 fee conditional.
 
 By the Statute of 4 Ann. C. 16, all collateral warranties, made by tenants for lite, and persons not having an estate
 
 of inheritance in possession,
 
 shall be void against the heir. But if A. be tenant in tail in possession, remainder to B. his next brother; and A. makes a feoffment or levies a
 
 fine,
 
 with warranty from him and his heirs, and die without issue, this is a collateral warranty, which shall bar B., notwithstanding the statute, though no assets descend. 1 Shep. Touch. 341, (note 23, by Preston.) And, whether the warranty be lineal or collateral, the heirs in the present case are rebutted and forever barred, with or without assets.
 

 Secondly ; the defendant also contended, that the title to the land was in one Christie. He offered evidence to shew that, at the time Joseph R. Hanrihan executed the deed to the plaintiff, Christie had a suit for assault and battery pending against him — that Christie obtained a judgment, issued an execution, levied on this land, (alleging that it had been conveyed to defeat his recovery,) had it sold, became the.purchaser, that the sheriff executed to him a deed; and that the present lessor of the plaintiff surrendered to him the possession. The Judge was ofthe opinion, that, as the defendant claimed under the heirs of Joseph R. Hanrihan,'he was es-topped to allege that the deed was fraudulent as against Christie ; and, further, that he could not shew that the title was in Christie, because he deduced no title from Christie to himself. Without examining these positions, it is enough to say that the evidence so offered was altogether immaterial; for, assuredly, Christie could not acquire under his purchase any other or further estate, than Joseph R. Hanrihan, the defendant in the execution,
 
 then
 
 had; and this estate was wholly at an end, when the said Hanrihan died without issue. The judgment below must be affirmed.
 

 PnR Curiam, Judgment affirmed.