Ruffin, C, J.
 

 Without reference
 
 to
 
 any other point, that might be made on the case, it is sufficient to say, that the collateral warranty of William Jones, descending on his brothers, who were his heirs, bar| them;
 
 Flynn
 
 v
 
 Will
 
 
 *227
 
 iams, 1 Ire. 509. It is an artificial and hard rule, the practical operation of which, at this day, is to enable one man to sell another’s land without compensation, directly or indirectly; which is not agreeable to the reason and justice of modern law. But it is nevertheless the law, because it wa= undoubtedly so anciently, and the legislature has not seen fit to alter it. For, it is not within the Statute of Anne, Rev, Stat. ch. 43, sec. 8; and, as far as is seen at present, it is the only instance under our law which is not within that act. For, as estates tail under the act of 1784,
 
 eo instanti,
 
 the tenant becomes seized, aré turned i'nto fees absolute, the conveyance of the tenant passes that estate and the land, and consequently a warranty is useless. But the present case is not within the Statute of Anne, because William Jones was not simply tenant for life, nor entitled to the bare right to the inheritance, but had the fee simple in possession at the time he entered into the warranty. It is true, his fee was-defeasible by way of conditional limitation, upon his dying without leaving surviving issue. But it was not the less the fee, and he was not liable for waste or for forfeiture by making a conveyance of the fee. He had an estate to him and his heirs in possession, with an executory devise over in fee; and consequently his warranty is not one of those made void by the act, as the warranty of an anees: or, who had no estate of inheritance in possession of the land.
 

 Per Curiam. Cu Í» a
 
 a>
 
 £3 bfl •73
 
 f
 
 — i