SARAH J. WILLIAMS v. MARY PARKER and others.

*Construction of Will.*

A testator devised all his land to his wife and grand-daughter, and his personal property during the life of his wife; and at her death, "if there should be any property or money left," he bequeathed certain pecuniary legacies; *Held* that the will conveyed to the grand-daughter an estate in fee of half the land. The testator makes his bequests depend upon the contingency that there be *personal* property left.

CIVIL ACTION to recover land, tried at Fall Term, 1880, of LINCOLN Superior Court, before *Seymour, J.*

A jury trial was waived and the case was submitted to His Honor to be tried upon the law and the facts. The following are the facts of the case:

The land mentioned in the pleading belonged to John

Williams and is the land referred to in his will, which contains the following clauses which are material to the case: "I give and bequeath to my wife, Polly Williams, and my grand-daughter, Sarah Jane Williams, all my land whereon I now live, and all my personal property of every order, during my wife, Polly's, lifetime, and at my wife, Polly's, decease, if there should be any property or money left, I then give and bequeath to my two grand-sons, John Franklin Wise, William Franklin Wise, five dollars to each one of them."

"I give and bequeath unto my four grand-children, Sarah Jane Williams, Thomas George Washington Williams, and John Tillman Williams, and Lawson Perry Williams, five dollars to each one of them. And should there be any part of my estate left, then it shall be equally divided among all my heirs." That Sarah J. Williams the plaintiff is the grand-daughter of the testator, and the person mentioned in item first of the will. That Polly Williams, mentioned in item first of said will, died before the institution of the action, and that Mark Williams and Mary Ann Williams now the wife of the defendant George Wise, are the only children, heirs at law of the testator, at the time of his death. That defendant, Parker, has a regular chain of title from said Mark Williams, and that the defendants, with Geo. Wise and his wife Mary Ann, are in possession of the land.

His Honor gave judgment in favor of the plaintiff for one-half of the land, and that a writ of possession issue to the sheriff of Lincoln county to put her into possession of the same. The judgment of His Honor was based upon the following opinion expressed by him and found in the record: "The only question in this case, is, whether the will of John Williams conveyed to plaintiff an estate in fee in the *locus in quo.* I hold that it does. It is inartificially drawn, but may be read as follows: I give to my wife.

and grand-daughter Sarah Jane, all my land where I live, and all my personal property, during my wife's life, and at my wife's decease, if there shall be any personal property, or money, left, then I give, &c. This view is strengthened by the fact that the testator makes his bequests depend upon the contingency that there be property left—of course he must be referring only to personal property—and also by the fact that the legacies are of money." From this ruling the defendants appealed.

*Messrs. Hoke & Hoke,* for plaintiffs.
No counsel for defendants.

ASHE, J. We think the construction put by His Honor on the will of John Williams, the testator, is correct; and we adopt the opinion of His Honor as that of this court, and holding that there is no error, the judgment of the court below must be affirmed.

No error.                                    Affirmed.