LELIA BLACKWELL v. JOHN B. BLACKWELL.

(Decided March 28, 1899).

*Deed, Construction of—Repugnant Clauses.*

If, in a deed, there be two clauses so repugnant to each other that they can not stand together, the first shall be received, and the latter rejected, differing in this respect from a will.

CIVIL ACTION, for the possession and control of land, subject to the defendant's marital right of ingress and egress, tried before *Timberlake, J.,* at Fall Term, 1898, of CASWELL Superior Court.

The plaintiff was wife of defendant.

The case turned upon the proper construction of a deed executed by the parents of the plaintiff. Under this deed, the plaintiff claimed a fee simple interest; the defendant claimed a life estate. Upon this deed being read in evidence by the plaintiff, his Honor intimated that the defendant was enti-

tled under it to a life estate, and that the plaintiff could not recover, whereupon the plaintiff submitted to judgment of nonsuit and appealed. The essential portions of the deed are quoted in the opinion.

Mr. *John W. Graham,* for plaintiff (appellant).
Messrs. *J. A. Long* and *Shepherd & Busbee,* for defendant.

FAIRCLOTH, C. J. The plaintiff instituted this action against the defendant, her husband, for possession of certain tracts of land, subject to his marital right of ingress and egress, and for the exclusive control of the rents and profits of these lands. She claims to be the owner in fee, and he claims to have a life estate in them. The whole matter turns upon the construction of a deed from plaintiff's father and wife to her, dated December 22, 1887.

The deed, in the premises, says, we "give, grant, convey and confirm unto the said Lelia E. Blackwell (plaintiff), her heirs and assigns, two tracts of land.... :to have and to hold the said lands and premises together with all the appurtenances thereto belonging, and we, ...., do warrant, and will forever defend the said title to the above-described land · and premises to the said Lelia E. Blackwell, her heirs and assigns, against the claim or claims of all persons whatsoever." The deed then concludes, "I give, grant and convey unto the said John B. Blackwell (defendant), under any and all circumstances, the above-described land and premises during the term of his natural life, together with all the rents and profits arising therefrom."

After the deed was put in evidence, his Honor expressed the opinion that the defendant was entitled to a life estate and that the plaintiff could not recover. Nonsuit and appeal by plaintiff.

In earlier times the rule of construction was that the first

conveying clause in a deed and the last clause in a will would control the estate. In modern times, the Courts, looking through a deed, will transpose words or sentences, if thereby they can effectuate the intention of the grantor, if it can be done without defeating the intent in any other part. But if in a deed there be two clauses so repugnant to each other that they can not stand together, the first shall be received and the latter rejected, differing in this respect from a will. 2 Bl. Com., 381.

Where exceptions or reservations appear in a deed, they retain in the *grantor* certain interests which do not pass. When, however, the fee is conveyed to A. in one part, and the fee or a part thereof is conveyed to B. in another part, these provisions are irreconcilable and repugnant, and one must yield to the other. In *Hoffner v. Irwin,* 20 N. C., 433, the whole interest was conveyed in the premises to one person, but in the habendum it was limited to another. Held, that the latter was repugnant to the former, and void. The same conclusion is arrived at in 2 Bl. Com., 381; 4 Kent Com., 468 (5), and in 9 Am. & Eng. Enc. (2nd. Ed.), 139. Applying these principles to the deed before us, the concluding clause is in conflict with the first part. The intention is clear in each case. In the premises, the fee is conveyed to the plaintiff, and afterwards a life estate to the defendant in the same lands. If the first intent in the premises, expressed in apt language and repeated in the warranty clause, is to be observed, then there is nothing left to satisfy the intent in the last clause. Putting either in force, that necessarily defeats the intent in the other; and, as above shown, the first expression is the controlling part of the deed.

We hold, therefore, that the last clause of the deed is void, and that the plaintiff is entitled to judgment in her favor.

Reversed.