JAMES K. ROANE v. W. E. G. ROBINSON, S. M. ROBINSON, C. M. ROBINSON AND JOHN C. RANKIN.

(Filed 6 May, 1925.)

**Wills—Estates — Remainders — Fee Simple — Repugnancy — Executory Devise—Statutes.**

Where the will devises realty to the testatrix's husband "to be his own, entirely and solely without restriction," but should he die leaving issue by a subsequent marriage, to be divided as set forth in the will: *Held,*

by the first provision the husband takes the fee, not a life estate with power of disposition, and the further and restricted provision being repugnant thereto is void, and he may convey to a purchaser a fee-simple title under the devise. C. S., 4162.

APPEAL by defendants from *Lane, J.,* at March Term, 1925, of MECKLENBURG.

Controversy without action. Following are the material facts:

1. Mrs. Virginia M. Roane died a resident of the State of Virginia on 22 June, 1905, leaving a last will and testament which has been duly probated and recorded in the office of the Probate Court of King William County, Virginia, and the same has also been duly probated and recorded in the office of the clerk of the Superior Court of Mecklenburg County, North Carolina.

2. The will contains these provisions:

(*a*) To my niece, Virginia Graham Waring, of Memphis, Tenn., I leave all my mother's jewelry, save an aquamarine set (bracelet, brooch and necklace), which I give to my nephew, Thomas Roane Waring, Jr., of Memphis, Tenn., as my present to his bride when he marries.

(*b*) To my beloved husband, James Keith Roane, I leave all else I die possessed of, personal and real, to be his own, entirely and solely, to use and spend as he chooses, without any restriction. In the event, however, that he does not marry and have issue, I wish what is left of my realty at his death to be divided as I shall hereafter state, only to be so divided in case he does not leave living issue at his death, but in the event of issue by any subsequent marriage to be divided as devised in fourth article of this will.

(*c*) James Keith Roane dying without issue, I desire two hundred dollars be given to each of my nephews, Thomas, Earl and James Roane Commins, of Rumford, Va. Also the silver marked "R" being either that belonging to their grandfather, James Roane, or else gifts to me from them. The rest of the personalty and realty to go to Thomas Roane Waring, Jr., of Memphis, Tenn.

(*d*) In event of James Keith Roane, my beloved husband, leaving issue by a subsequent marriage, I want all my personalty and realty I die possessed of and not spent by him up to his death to go to his children, save only the silver marked "W," the silver and Bohemian glass set given me by my father, the silver marked "R. P. A.," my mother's portrait and portrait of Uncle Thomas Roane, which articles I desire given to my nephew, Thomas Roane Waring.

3. The testatrix was survived by her husband, but she left no children.

4. At the time of her death she was the owner (besides certain real estate in Virginia) of five lots in the city of Charlotte, which are the subject of this controversy.

5. After her death the plaintiff (surviving husband) married again, is 72 years of age, and has no children born of the second marriage.

6. The plaintiff has contracted in writing to convey to the defendants in fee simple the five lots described above, and the defendants have contracted to purchase said lots at an agreed price.

7. The plaintiff is ready and willing to execute his deed for said lots, and the defendants are ready, able, and willing to comply with their contract, but deny that plaintiff can convey a title in fee.

8. The controversy submitted to the court for its decision is whether said James K. Roane acquired the right and power to convey a fee-simple title to the lands above described under the provisions of the will of Mrs. Virginia M. Roane.

Upon the facts, it was adjudged that the plaintiff is entitled to have specific performance of the contract by the defendants and that upon tender by the plaintiff of a deed in fee with the usual covenants the defendants be required to accept the same and to comply with the contract of purchase. The defendants excepted and appealed.

*Pharr & Bell for plaintiff.*
*C. H. Gover and D. W. Spencer for defendants.*

ADAMS, J. The question presented has been before the Court so often that nothing more is necessary than a brief review of some of the decisions in which the controlling principle is treated. Whether a devise of land with a power of disposition over it carries the fee or a lesser estate is obviously dependent upon the terms in which it is expressed. The rule is clearly stated in *Carroll v. Herring:* "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy. The only exceptions to such a rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition." 180 N. C., 369.

By statutory provision a devise of real estate shall be construed to be a devise in fee simple unless it appear in express words or by plain intent that the testator's purpose was to convey an estate of less dignity. C. S., 4162. An unrestricted devise of real property therefore passes the fee. If a fee be limited after a fee by way of executory devise the taker of the first fee cannot as a general rule bar the taker of the second fee by the execution of a deed of bargain and sale with warranty. *Myers v. Craig*, 44 N. C., 169, overruling, *Spruill v. Leary*, 35 N. C., 225, 408, and distinguishing *Flynn v. Williams*, 23 N. C., 509. But this principle does not apply here, for it will be noticed that Mrs. Roane's "wish" as to the disposition of certain property after the death of her husband relates to such real property as may be left by him undisposed of—in her words, "what is left of my realty at his death to be divided as I shall hereafter state." Moreover, where a fee is limited upon a fee by way of executory devise, if a general right to dispose of the property is given to the taker of the first fee, such right is inconsistent with the second fee and the consequence is that the limitation over of the second fee is inoperative and void. *Newland v. Newland*, 46 N. C., 463; *Hall v. Robinson*, 56 N. C., 348. In *McDaniel v. McDaniel*, 58 N. C., 351, *Chief Justice Pearson* employed this language: "If one devises in fee simple, he cannot make a limitation over by way of executory devise without cutting down the first fee, in order to make room for the second; for, after giving a fee simple absolutely, there is no part of the estate or interest left in him. So, if one devises without an express limitation of the estate, and gives a general power to dispose of the land, he cannot make a limitation over to a third person in case the first taker dies without disposing of the land, or of such part as he may not dispose of, for the general power confers the absolute ownership, and leaves nothing in the devisor. But, if one devises to A and his heirs, the estate of A to be void in the event of his dying without a child living at his death, the devisor still has some interest which he may give to a third person, or by reason of which he may confer on A a power of disposition with such restrictions as he may see proper to impose, and there is no principle of law which prevents him from doing both, as is done in our case." So with a single exception, to which we shall advert, in the words of *Chancellor Kent*, "We may lay it down as an incontrovertible rule that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee." *Jackson v. Robbins*, 16 John. Rep. 537; Kent's Com. 35, 586; *Batchelor v. Macon*, 69 N. C., 545; *Williams v. Parker*, 84 N. C., 90; *Fellowes v. Durfey*, 163 N. C., 305; *Smith v. Creech*, 186 N. C., 187; *O'Quinn v. Crane*, ante, 97.

As pointed out in *Carroll v. Herring, supra,* the exception to the "incontrovertible rule," which has been referred to, arises where the testator gives to the first taker an estate for life only by certain and express terms and annexes to it the power of disposition. In such case the devisee for life does not take an estate in fee. There is a fair illustration of the principle in *Chewning v. Mason,* 158 N. C., 578. The will contained this clause: "I give and bequeath (after all my just debts shall have been paid) all of my real and personal property, together with all debts owing my estate, to my wife, Martha Chewning, during her natural life, and then to dispose of it as she sees proper." In an opinion in which many authorities are cited the Court held that the wife took only a life estate. The principle upon which the reasoning rests is sustained in other cases which are familiar to the profession, among them *Burwell v. Bank,* 186 N. C., 117; *Miller v. Scott,* 185 N. C., 93; *ibid.,* 184 N. C., 556; *Allen v. Smith,* 183 N. C., 222; *Herring v. Williams,* 158 N. C., 1; *Patrick v. Morehead,* 85 N. C., 62.

In *Chewning v. Mason, supra,* the Court, noting a marked distinction between "property" and "power," said: "The estate devised to Mrs. Chewning is property, the power of disposal a mere authority which she could exercise or not, in her discretion. She had a general power annexed to the life estate, which she derived from the testator under the will. If she had exercised the power by selling the land, the title of the purchasers would have been derived, not from her, who merely executed the power, but from the testator or the donor of the power. 'The appointer is merely an instrument; the appointee is in by the original deed. The appointee takes in the same manner as if his name had been inserted in the power, or as if the power and instrument executing the power had been expressed in that giving the power. He does not take from the donee, as his assignee.' 2 Wash. R. P., 320; 1 Sugden on Powers (Ed. 1856), 243; 2 Sug. Pow. 22; *Doolittle v. Lewis,* 7 Johns ch. 45. 'In the execution of a power there is no contract between the donee of the power and the appointee. The donee is the mere instrument by which the estate is passed from the donor to the appointee, and when the appointment is made, the appointee at once takes the estate from the donor as if it had been conveyed directly to him.' *Norfleet v. Hawkins,* 93 N. C., 392. It does not follow, because she could sell and convey the land under the power, that she thereby became the owner in fee." In accord with this are other cases maintaining the general doctrine that where a life tenant is given unrestricted power to dispose of the estate devised he may exercise the power and by deed properly executed may convey the property in fee. *Parks v. Robinson,* 138 N. C., 269; *Darden v. Matthews,* 173 N. C., 186.

The plaintiff contends that the judgment should be affirmed whether the deed tendered the defendant be treated as the exercise of a power or as the conveyance of a fee devised to the plaintiff.

In our opinion, the plaintiff acquired a title in fee simple to the lots in question under the second item of the will and is entitled to the specific performance of his contract with the defendants. The judgment is, therefore,

Affirmed.