EMMA BARBEE ET AL. v. OSCAR THOMPSON ET AL.

(Filed 26 October, 1927.)

**Wills—Devise—Fee Simple—Statutes—Presumptions—Intent.**

> Under the provisions of C. S., 4162, a devise of lands is presumed to be of the fee unless it may be sufficiently gathered from the other expressions of the will that the testator intended to pass an estate of less dignity, and *held,* a devise to testator's two daughters, B. and M., all of the testator's real estate after the death of his widow, and also to his daughter T. an equal life interest therein with B. and M., "or so long as the said T. may remain a widow." Upon the death of the testator's widow, B. and M. took in remainder a fee-simple estate, with the intent to provide for T., who remained unmarried and is now deceased, during her widowhood.

APPEAL by plaintiffs from *Midyette, J.,* at March Term, 1927, of DURHAM.

Special proceedings to partition lands alleged to be owned by the plaintiffs and defendants as tenants in common.

The defendant, O. D. Thompson, set up a plea of sole seizin, and from a judgment in his favor the plaintiffs appeal, assigning error.

*R. O. Everett and R. M. Gantt for plaintiffs.*
*D. W. Sorrell and Fuller, Reade & Fuller for defendants.*

STACY, C. J. On the hearing the legal question presented was properly made to depend upon the construction of the following provision in the will of John G. Thompson:

*"Item third.* After the death of my wife, Leana Thompson, I give and bequeath all my real estate to my daughters, Berthena Thompson and Martha H. Thompson. I also bequeath to my daughter, Tyrinda H. Fletcher, an equal life interest in my real estate with my daughters, Berthena Thompson and Martha H. Thompson, or so long as the said Tyrinda H. Fletcher may remain in widowhood."

It is agreed that if Berthena Thompson and Martha H. Thompson take a fee-simple estate in the real estate devised in Item 3 of the will of John G. Thompson, the defendant, O. D. Thompson, is now the sole owner of the lands described in the petition, but if Berthena and Martha H. Thompson take only a life estate under said devise, then it is agreed that the plaintiffs and said defendant are tenants in common and entitled to partition the lands in question.

His Honor correctly held that Berthena Thompson and Martha H. Thompson acquired a fee-simple estate in the lands devised in Item 3 above. The testator in undertaking to "bequeath" an interest in his real property to his married daughter, Tyrinda H. Fletcher (who died without having remarried), evidently intended to provide a home for her for life or during her widowhood. But no such limitation is annexed to the devise to Berthena Thompson and Martha H. Thompson, and there is nothing in the will to ascribe to the testator an intention to convey to them an estate of less dignity than a fee simple.

It is provided by C. S., 4162, that when real estate is devised to any person the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity.

The uniform holding, since the passage of this act in 1784, has been that an unrestricted devise of real estate passes the fee. *Roane v. Robinson,* 189 N. C., 628. In disposing of lands by will no words are required to enlarge a devise from one for life into one absolute or in fee. Indeed, it is generally necessary that restraining expressions be used to confine a devise to the life of the devisee. *Holt v. Holt,* 114 N. C., 242.

Affirmed.