J. LABAN LINEBERGER ET UX. v. C. B. PHILLIPS.

(Filed 7 May, 1930.)

**Wills E b—An unrestricted devise of real estate passes the fee under C. S., 4162.**

A devise of real estate to the testator's son for his own use and benefit with the expressed intent that it should vest in him absolutely with full right to dispose of it, with limitation over should he die without children surviving, if not disposed of by him during his life: *Held,* under the provisions of C. S., 4162, the devise being without clause limiting the estate to one of less dignity, the devisee took a fee-simple title thereto, and could convey a good title to the purchaser.

APPEAL by defendant from *Harding, J.,* at March Term, 1930, of GASTON.

Controversy without action submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey an undivided one-half interest in a lot of land to the defendant, duly executed and tendered a deed therefor and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed and refused to make payment, claiming that the title offered was defective.

The sufficiency of the title offered was properly made to depend upon the construction of the following clauses in the will of E. Caldwell Wilson:

"Item III. I will and direct that all the rest and residue of my estate, real, personal and mixed, of every kind and description, whatsoever, including money, notes, stocks in corporations, that is to say, everything that I possess, be divided into two equal parts.

"One part of which I give, devise and bequeath to my son, Laban Lineberger for his own use and benefit. In explanation of this devise and bequest to my said son, Laban, it is my intent and purpose that he shall be vested with the same absolutely and shall have the right to use and dispose of the same or any part thereof as he may see fit so to do, but should he die without child or children surviving him, then and in that case I will and direct that so much of this devise and legacy as may not have been used by my said son, Laban (with the exception of ten thousand dollars, hereinafter in this item disposed of) or which shall not have been disposed of by him, shall be distributed as directed in the next item of this my will."

Pertinent part of the next item: "I will, devise and direct that so much of the devise or bequest provided for in the third item (III) of my will, as may not have been consumed in the use or disposed of by my son, Laban, during his life, as well as the ten thousand dollars or any part thereof provided for the said Katherine W. Lineberger after the same shall·have served the purposes for which they are hereby intended, to wit, after the death of my son, Laban and Katherine W., respectively, shall pass to and be devolved upon my brother, John C. Rankin, to be held by him in trust for the use and upon the trust in this item heretofore set forth and declared."

Upon the facts agreed, the court being of opinion that the deed tendered would convey an indefeasible, fee-simple title to an undivided one-half interest in the lot described therein, gave judgment for the plaintiffs in accordance with the agreement under which the controversy was submitted without action, from which the defendant appeals, assigning errors.

*Cansler & Cansler for plaintiffs.*
*A. L. Quickel for defendant.*

STACY, C. J. The case turns on the question as to whether Laban Lineberger acquired an undivided one-half interest in fee, or is able to convey such an interest, in the lands devised to him in items three and four of his father's will.

His Honor correctly held for the plaintiffs. *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626. It is provided by C. S., 4162, that when real estate is devised to any person the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. Hence, under this statute, an unrestricted devise of real estate passes the fee. *Barbee v. Thompson,* 194 N. C., 411, 139 S. E., 838. Indeed, it is generally necessary that restraining expressions be used to confine a devise to the life of the devisee. *Holt v. Holt,* 114 N. C., 241, 18 S. E., 967.

The learned counsel for the defendant has filed an elaborate brief, analyzing the will in every detail, but we think the judgment below is in keeping with the rights of the parties and the law of the case.

Affirmed.