FRANK PEYTON, ADMINISTRATOR CUM TESTAMENTO ANNEXO OF THE WILL OF JOHN R. PEYTON, AND FRANK PEYTON, BETTY MOBLEY AND JASPER PEYTON AND OTHERS, CHILDREN OF NOE PEYTON, DECEASED, v. JESSE SMITH AND MAGGIE L. CLARK, ADMINISTRATORS OF EMILY S. PEYTON AND JESSE SMITH, AND MAGGIE CLARK, HEIRS AT LAW OF EMILY S. PEYTON.

(Filed 2 March, 1938.)

**Wills § 33a—When absolute estate is conveyed to first taker, provision for disposition after her death is void.**

A devise of land to testator's wife in fee simple with full power of disposition, and a bequest of personalty "to use or sell as she may choose"

with provision in each item that any surplus left at her death should go to testator's heirs, *is held* to vest the absolute fee simple in the realty and the absolute estate in the personalty in the wife, the provision directing or expressing a desire for the disposition of the property after the first taker's death being void as repugnant to the absolute estate previously conveyed.

APPEAL by plaintiff from *Parker, J.,* at December Term, 1937, of BEAUFORT. Affirmed.

The judgment of the court below, which indicates the controversy, is as follows:

"This cause came on for hearing at the above term of court before his Honor, R. Hunt Parker, judge presiding, the plaintiffs being represented by Albion Dunn, of Greenville, N. C., H. S. Ward and Samuel M. Blount, of Washington, N. C. The defendants being represented by Harding & Lee, of Greenville, N. C., and Grimes & Grimes, of Washington, N. C. The counsel of record on both sides waived a jury trial and entered into a stipulation as follows:

" 'It is stipulated and agreed by and between the plaintiff and defendants to this action that the only real estate in controversy is the Major Jordan tract, and that is the only land that passed under the will.

" 'It being specifically admitted that the house and premises occupied by Emily Peyton at her death passed to her as tenant by entirety upon the death of John R. Peyton.

" 'It is further stipulated and agreed that John Peyton at the time of his death owned, in fee, personal property and at the death of Emily Peyton there was a surplus of personal property that passed to her under the second item of the will of John Peyton, and if the plaintiffs are correct in their contentions they are entitled to this surplus.

" 'It is further stipulated and agreed between all the parties that Emily Peyton died intestate in April, 1937, and that she did not assign nor bequeath the Major Jordan tract of land, nor dispose of in any way the surplus of personalty.'

"And the will was then presented to the court for construction under the provisions of the Declaratory Act, C. S., 628 (a) to 628 (o), inclusive. After hearing argument of counsel and citations of authorities by them, it is the opinion of the court, and the court decrees as follows:

"1. That the item in said will reading as follows: *'First:* I give and devise unto my wife, Emily Peyton, all of my lands and real estate of every description, and wherever situated, to have and to hold unto her in fee simple right forever, with full power to assign away or bequeath as she may choose, and if there is any surplus at her death, it to be given to my heirs,' devises an absolute fee simple estate in Emily Peyton, and any other language therein is surplusage and a restriction upon a fee, and is therefore void.

"2. That the item in said will reading as follows: *'Second:* I give and bequeath unto my wife, Emily Peyton, all of my personal estate of every kind or description, to use or sell as she may choose, and if there is any surplus at her death I want it to be given to my heirs,' vests an absolute estate in favor of Emily Peyton in all of the personal estate of every kind or description which was owned by the said John R. Peyton at the time of his death, and any other language therein, which language does not create an executory limitation nor a remainder, is a restriction upon an absolute estate, and is therefore void.

"It is further adjudged that the plaintiffs pay the costs of this action, to be taxed by the clerk.

R. HUNT PARKER,<br>
*Judge Presiding."*

To the foregoing judgment plaintiffs excepted, assigned error, and appealed to the Supreme Court.

*H. S. Ward, S. M. Blount, and Albion Dunn for plaintiffs.*
*Harding & Lee and Grimes & Grimes for defendants.*

CLARKSON, J.   Item One of the will to be construed, which applies to real estate, is as follows: "I give and devise unto my wife, Emily Peyton, all of my lands and real estate of every description and wherever situated, to have and to hold unto her in fee simple right forever, with full power to assign away or bequeath as she may choose, and if there is any surplus at her death it is to be given to my heirs."

Item Two of the will to be construed, which applies to personal property, is as follows: "I give and bequeath unto my wife, Emily Peyton, all of my personal estate of every kind or description, to use or sell as she may choose, and if there is any surplus at her death I want it to be given to my heirs."

We think the court below construed both items of the will correctly.

The present case is similar to that of *Barco v. Owens,* 212 N. C., 30. It is there said at pp. 31-32: "We agree with the trial court that the property in question was devised to Annie W. Owens 'in fee simple forever' in item two of the will, the conditions subsequent, in so far as they are repugnant to the fee originally devised, must be regarded as unwarranted restrictions on the *jus dispondendi* or the *jus dividendi,* and therefore void. . . .   The general rule is that where real estate is devised in fee, or personalty bequeathed unconditionally, a subsequent clause in the will expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit it to a life estate. . . .   Conditions subsequent, in the absence of compelling language to the contrary, are usually con-

strued against divestment. . . . The absolute devise is permitted to stand, while the subsequent clause is generally regarded as precatory only." Abundant authorities are cited to sustain the above rules of construction. *Hampton v. West,* 212 N. C., 315.

For the reasons given, the judgment of the court below is

Affirmed.