Controversy without action submitted on an agreed statement of facts.
Plaintiff, being under contract to convey a lot of land lying in the City of Rocky Mount, known as 326 S. Pearl Street, being the same property described in a deed from W. E. Parrish and wife, Maggie E. Parrish, to B. G. Burgess, recorded in Book 186, page 298, Nash County Registry, duly executed and tendered a deed therefor and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed and refused to make payment, claiming that the title offered was defective.
The sufficiency of the title offered was properly made to depend upon the construction of the following clause in the will of the late B. G. Burgess, to wit:
"I give, devise and bequeath to my beloved wife, Bessie Pitt Burgess, all of my worldly estate, real, personal or mixed, to which I shall be entitled at the time of my decease; to have and to hold to her and her executors, administrators and assigns, forever. However, let it be provided that at the end of my beloved wife's natural existence, should the whole or any part thereof of my original estate remain undisposed of by *Page 103 
her, the same shall go to my nearest of kin, the same to be theirs absolutely, and in fee simple forever."
Upon the facts agreed, the court being of the opinion that the deed tendered would convey an indefeasible, fee simple title to the lot of land described therein, gave judgment for the plaintiff in accordance with the agreement under which the controversy was submitted without action, from which the defendants appealed, assigning error.
This case turns on the question as to whether the plaintiff, Bessie Pitt Burgess, acquired a fee simple title, or is able to convey such a title to the land devised to her by the will of her late husband, B. G. Burgess, quoted above. His Honor correctly held that the plaintiff did acquire and could convey a fee simple title to the land involved. This case is governed by the principles of law enunciated in Lineberger v. Phillips, 198 N.C. 661,153 S.E. 118, and upon its authority the judgment below is
Affirmed.