Special Proceedings, No. 1525, instituted 3 January, 1944, upon petition for actual partition of certain tract of land in Johnston County.
The petitioner Mark Artis, through his guardian, alleges in his petition that the and defendant, Ida Artis, are tenants in common, in and to a certain tract of land, containing thirty acres, more or less, "allotted to Ida Artis and Mark Artis by deed dated December 15, 1928, and recorded in Register of Deeds of Johnston County in Book 211, page 568"; that petitioner is owner of one-half interest, and respondent Ida Artis owns a life estate in and to one-half interest in said tract of land; and that they desire to hold their interests in severalty in order that the *Page 756 
petitioner may receive the rents and profits from said land as Ida Artis has received the rents and profits for said land for several years and has not accounted to the petitioner or his guardian therefor, etc.
The respondent, Ida Artis, answering, denies in the main the allegations of the petition, and for further defense she avers in substance: That she is the widow of the Archie Artis who was father of petitioner, Mark Artis; that when she married Archie Artis he was involved in debt; that there were mortgages and liens of record covering his other lands, including the locusin quo, and she had paid off and discharged various of said liens out of her personal estate; that in consideration thereof Archie Artis executed and delivered to defendant and Mark Artis a deed conveying a tract of 30 acres of land which includes the home site, by the terms of which she acquired an undivided one-half interest in fee simple, — not just a life estate, as alleged in the petition; that she did not join in said deed conveying said tract of land, or any part thereof, nor has she conveyed, or consented to the conveyance by Archie Artis of the home site; and that in the administration of the estate of her deceased husband, Archie Artis, no dower has ever been set apart to her, and the value of the possession of this entire tract of 30 acres is not worth more than what would have been the reasonable value of her dower in the lands of Archie Artis if her dower had been actually set apart and allotted to her: Upon these averments she prays "that it be adjudged by the court that she is the lawful owner of and entitled to the actual possession of all of said 30 acres of land, and that she is the lawful owner in fee simple of a one-half thereof, and for such other and further relief," etc.
Petitioner, replying to the further answer of defendant, denies the material parts thereof, and alleges that defendant Ida Artis could not take dower in this land, but that she is entitled to a life estate in one-half interest in said 30-acre tract; that she is estopped to claim dower; that she entered into a contract with Archie Artis and his heirs that she would take a deed which conveys a life estate in a one-half interest in said 30 acres; that she agreed also to pay her part of the encumbrance and taxes on said land, and Mark Artis, who owns one-half interest in and to said land, could have a home there in his old home; and that she is estopped to have dower allotted or that she take any other estate therein except a life estate in one-half interest in the same.
Thereafter the Clerk of Superior Court of Johnston County, after hearing upon the "prayer for partition," the parties being represented by their respective counsel, and it being admitted that the real estate described in the original petition had been conveyed to the parties hereto, by a deed from Archie C. Artis, father of plaintiff, and husband of defendant, registered in Book 211 at page 568 of Registry of Johnston County, and after reciting the contentions of the parties respectively, *Page 757 
entered a judgment under date of 18 July, 1944, in which it is held that plaintiff is entitled to the relief he seeks in this proceeding, that is, that "he is entitled to have this proceeding go forward to the end that he may have his share in this real estate actually partitioned and assigned to him by metes and bounds by a committee duly appointed by the court, and in accordance therewith orders that a partition of the land be made," etc. the defendant appealed from this order to the Superior Court.
The parties stipulate that thereafter the heirs at law of Archie Artis, deceased, naming them, were made parties to this proceeding and served with summonses; that the minor defendants were properly represented by guardianad litem, named and duly appointed and served; that Ida Artis took possession of the 30 acres of land in question after the execution and recording of the said deed; that Ida Artis has paid more than $1,000 for mortgages on 102 acres of land due by Archie Artis and Virginia Artis, former wife of said Archie Artis and had had said mortgages transferred to her and the deed for the 30 acres to her and Mark Artis was the consideration to her for the payments of he said $1,000 and the 30 acres were a part of the 102 acres; that the administration of the estate of Archie Artis had been closed and the estate fully settled prior to the institution of the action; that the land described in the deed in question embraces the home site of Archie Artis, deceased, the grantor in the deed. See Book 211, page 568 of Registry of Johnston County.
The answer of the guardian ad litem admits the allegations of the petition, and of the reply to the answer of defendant, and concurs in the prayer for relief as set out in the petition.
The answer on this appeal contains as Exhibit A what purports to be the record in a partition proceeding entitled "Wade Artis, et al., Ida L. Artis, widow, heirs at law of Archie Artis, deceased, Ex Parte," the petition in which purports to have been verified 6 January, 1938, the substance of which appears in the finding of the judge hereinafter set out; and as Exhibit B, what purports to be the deed dated 15 December, 1928, from Archie C. Artis to Ida L. Artis and Mark Artis, duly acknowledged and probated, and registered in the office of the Register of Deeds for Johnston County in Book 211 at page 568, on 12 June, 1930, in which (1) the parties are "Archie C. Artis . . . of the first part," and "Ida L. Artis and Mark Artis . . . of the second part"; (2) the consideration is "One Thousand Dollars . . . paid by Ida L. Artis and Mark Artis"; (3) the granting clause is: "has bargained and sold, and by these presents doth grant, bargain, sell and convey to said Ida L. Artis and Mark Artis their heirs and assigns"; (4) there follows the description this language: "At the death of Ida L. Artis, if no bodily heirs by Archie C. Artis, then the above lands or her part of same shall be divided between the Archie C. Artis heirs also Archie C. Artis holds *Page 758 
his lifetime right to the above described property"; (5) the habendum is: "To have and to hold the aforesaid tract or parcel of land . . . to the said Ida L. Artis and Mark Artis, their heirs and assigns, to their only use and behoof forever"; and (6) the convenantees in he warranty of seizin in fee, of right to convey in fee simple, of freedom from encumbrances, and of general warranty are "said Ida L. Artis and Mark Artis' heirs and assigns." These exhibits apparently were in evidence before the judge on hearing in Superior Court.
When the cause came on for hearing before judge of Superior Court, presiding at November term, 1947, the parties consented that the issues raised are matters of law rather than issues of fact, and all of the evidence consists of records, and a jury trial being waived by the attorneys for both petitioner and the defendant, and it being agreed that the judge consider the record evidence, the judge made the findings substantially as follows (numbering being inserted):
1. That it appearing to the court that this is a special proceeding brought by petitioner for partition of lands of both petitioner and defendant, Ida Artis, it being thirty acres in Ingram's Township, Johnston County, conveyed to petitioner and Ida Artis by Archie Artis, by deed dated 15 December, 1928, registered in Book 211 at page 568, registry of said county;
2. That it further appearing to the court that Archie Artis died intestate and left him surviving Ida Artis, as his widow, and the following children: Mark Artis, Ed Artis, Wade Artis, Milton Artis, and Inez Evans; that on 6 January, 1938, said children as his heirs at law, and Ida Artis, widow, instituted a special proceeding No. 1113 in Superior Court of Johnston County for the purpose of partitioning the entire body of 102 acres of land owned by Archie Artis at the time of his death, among said five children; that in the petition therein it is alleged, among other things, that "the petitioner, Ida L. Artis, widow, is entitled to dower in the following described lands"; and then follows a description of the entire 102 acres by metes and bounds, — it being further alleged in said petition that there is expressly excepted from the partition of said lands the tract of 30 acres which had been conveyed theretofore by Archie Artis to Ida Artis and Mark Artis, as above set forth; and that it appears from the entire record in said "S. P. 1113" that no dower was in fact set apart and allotted by the commissioners of Ida Artis, the widow, although as such she was entitled to have dower formally set apart to her; that this proceeding went to final judgment 10 January, 1939; (A reading of the Commissioner's report indicates that the commissioners delineated and set apart to Ida Artis and Mark Artis the 30 acres above referred to, and partitioned the remainder among the five children); *Page 759 
4. That it further appearing that the present special proceeding, it being "S. P. 1535," was instituted 3 January, 1943, and thereafter the living brothers and sisters of Mark Artis, together with the children and the widow of Milton Artis, who has died since the institution of the first special proceeding No. 1113, and all parties in interest herein have been regularly made parties and are represented before the court by their attorneys and by the duly appointed guardian ad litem for the infant parties;
5. That it further appearing to the court that the 30 acres referred to in S. P. No. 1113 and in the deed from Archie Artis to Ida Artis and Mark Artis, dated 15 December, 1928, and registered in Book 211 at page 568, constituted and was a part of the home site, and the buildings are in poor condition and the entire 30 acres is not worth more than would be the value of the dower estate in said 102 acres of land, if same had ever in fact been allotted to the widow;
Upon these findings the judge ordered, adjudged and decreed that Ida Artis, as the widow of Archie Artis, is entitled (1) to the possession of the entire tract of 30 acres for and during the term of her natural life as and for he value of her dower estate; and (2) in addition thereto to a one-half undivided interest in the said 30-acre tract in fee simple.
And, thereupon, the judge concluded that it is now proper that the cause be remanded to the clerk of Superior Court for further proceedings therein, "looking to the actual partition of this 30-acre tract between Ida Artis and Mark Artis, and the allotment in severalty to each of them a one-half interest in said land; the one-half interest and the possession of Mark Artis, and his heirs and assigns thereto being subject at all times to the life estate owned by Ida Artis in the entire 30-acre tract"; and ordered that the cause be remanded to the clerk of Superior Court with directions for the appointment of commissioners "to partition the said lands between the petitioner, Mark Artis, and the defendant, Ida Artis, each getting an equal share in fee simple," and for further proceedings as the law may direct.
Petitioner and defendants, other than Ida Artis, appeal therefrom to Supreme Court and assign error.
The record on this appeal shows that there is no exception to any finding of fact made by the judge. The only exception taken is to the signing of the judgment. The exception to the signing of the judgment raises only the question as to whether the facts as found by the court are sufficient to support the judgment. That is, such exception challenges only the conclusions of law upon the facts so found. *Page 760 Smith v. Davis, ante, 172, 45 S.E.2d 51, and cases there used directly and by reference.
Accordingly two questions of law, on which the correctness of the judgment depends, are presented for decision:
I. Did Ida L. Artis acquire, under the terms of the deed from Archie C. Artis to Mark Artis and Ida L. Artis, as set out hereinabove, an undivided one-half interest in and to the thirty acre tract of land conveyed by said deed and here involved, in fee simple? The court below held that she did take such interest, and the statute G.S., 39-1, relating to construction of deeds, and decisions of this Court, particularly Blackwell v. Blackwell,124 N.C. 269, 32 S.E. 676; Wilkins v. Norman, 139 N.C. 40,51 S.E. 797; Bryant v. Shields, 220 N.C. 628, 18 S.E.2d 157, and McNeill v.Blevins, 222 N.C. 170, 22 S.E.2d 268, furnish approval.
The statute G.S., 39-1, provides that "when real estate is conveyed to any person, the same shall be held and construed to be a conveyance in fee, whether the word `heir' is used or not, unless such conveyance in plain and express words shows, or it is plainly intended by the conveyance or some part thereof, that the grantor mean to convey an estate of less dignity."
Applying this rule to the deed in question the conveyance does not in plain and express words show, nor is it plainly intended by the conveyance or some part of it, that the grantor meant to convey an estate of less dignity than a fee simple.
The words used (1) in the granting clause, "to Ida L. Artis and Mark Artis their heirs and assigns," (2) in the habendum "to the said Ida L. Artis and Mark Artis, their heirs and assigns, to their only use and behoof forever," and (3) in the warranty "said Ida L. Artis and Mark Artis heirs and assigns," clearly and unqualifiedly convey, and relate to a conveyance of, a fee simple estate. Standing alone, these operative clauses of the deed constitute an unrestricted conveyance of the land, that is, a conveyance in fee simple. Whitley v. Arenson, 219 N.C. 181,12 S.E.2d 906. Ordinarily the premises and granting clauses designate the grantee and the thing granted, — while the habendum clause relates to the quantum of the estate. "The granting clause is the very essence of the contract." 16 Am. Jur., 567, Bryant v. Shields, supra. And the habendum, in the present case, is in harmony with the granting clause. Therefore, the clause undertaking to divest or limit the fee simple title which had been conveyed unqualifiedly to Ida L. Artis and Mark Artis is repugnant to both the granting clause and the habendum. Hence the granting clause will prevail and the repugnant clause will be rejected. Blackwell v. Blackwell,supra; Wilkins v. Norman, supra; Bryant v. Shields, supra, as cases cited;McNeill v. Blevins, supra. *Page 761 
In Wilkins v. Norman, supra, a case somewhat similar to the one in hand, in the granting clause, and in the habendum the conveyance is to "Berrick Norman, to him and his heirs and assigns forever." And following the usual covenant of warranty are words undertaking to limit the estate to the life of the grantee and his wife, with remainder to three of "their heirs," naming them. This last clause was held to be repugnant to the estate already conveyed, and therefore void.
And in the McNeill case, also similar to the present one, the granting clause is "to the said Chas. L. McNeal his heirs and assigns," and thehabendum is "to the said Chas. L. McNeal, his heirs and assigns, to their only use and behoof forever." But after the description, and between the granting clause and the habendum, are words undertaking to limit "to Chas. L. McNeal and his children only" the estate conveyed. This Court, in opinion by Devin, J., said: "We do not think that . . . the expression that . . . the land should belong to Chas. L. McNeal and his children should be held to express the intention on the part of the grantors to divest or limit the fee simple title which they had definitely conveyed, both in the premises and in the habendum, in both the preceding and subsequent clauses of the deed, to Chas. L. McNeal and his heirs."
Hence it may be stated as a rule of law that where the entire estate in fee simple, in unmistakable terms, is given the grantee in a deed, both in the granting clause and habendum, the warranty being in harmony therewith, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected.
Indeed, since the statute G.S., 39-1, which pertains to the construction of deeds is similar in wording and in effect to the statute G. S., 31-38, formerly Rev., 3138, and later C. S., 4162, which pertains to the construction of wills, what has been held in applying the rule of construction as to wills is pertinent in applying the rule of construction as to deeds.
Accordingly, the rule as to the construing of wills is clearly stated byWalker, J., in Carroll v. Herring, 180 N.C. 369, 104 S.E. 892. "If one devise in fee simple he cannot make a limitation over by way of executory devise without cutting down the fee, in order to make room for the second; for, after giving a fee simple absolutely, there is no part of the estate or interest left in him." And the opinion continues: "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expressionof less import is void for repugnancy. The only *Page 762 
exception to such rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition." To like effect are these cases: Roane v. Robinson,189 N.C. 628, 127 S.E. 626; Daniel v. Bass, 193 N.C. 294,136 S.E. 733; Barbee v. Thompson, 194 N.C. 411, 139 S.E. 838; Lineberger v.Phillips, 198 N.C. 661, 153 S.E. 118; Hambright v. Carroll, 204 N.C. 496,168 S.E. 817; Barco v. Owens, 212 N.C. 30, 192 S.E. 862; Peytonv. Smith, 213 N.C. 155, 195 S.E. 379; Brinn v. Brinn, 213 N.C. 282,195 S.E. 793; Heefner v. Thornton, 216 N.C. 702, 6 S.E.2d 506;Smith v. Mears, 218 N.C. 193, 10 S.E.2d 659; Early v. Tayloe,219 N.C. 363, 13 S.E.2d 609; Croom v. Cornelius, 219 N.C. 761,14 S.E.2d 799; Elder v. Johnston, 227 N.C. 592, 42 S.E.2d 904; Hardee v.Rivers, ante, 66, 44 S.E.2d 476; Taylor v. Taylor, ante, 275,45 S.E.2d 368. Compare Jefferson v. Jefferson, 219 N.C. 333,13 S.E.2d 745.
In Hambright v. Carroll, supra, the Court said: "In considering the contention that the plaintiff acquired a defeasible fee, we must keep in mind two clearly established principles: (1) A fee may be limited after a fee by way of executory devise; but `if one devises in fee simple, he cannot make a limitation over by way of executory devise without cutting down the first fee, in order to make room for the second,' McDaniel v.McDaniel, 58 N.C. 351. (2) No remainder can be limited after the grant of an estate in fee simple."
And in Barco v. Owens, supra, it is stated: "The general rule is, that where real estate is devised in fee, or personalty bequeathed unconditionally, a subsequent clause in the will expressing a wish, desire or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit it to a life estate . . . Conditions subsequent, in the absence of compelling language to the contrary, are usually construed against divestment . . . The absolute devise is permitted to stand, while the subsequent clause is generally regarded as precatory only . . . This rule is not at variance with the cardinal principle in the interpretation of wills, which is to discover and effectuate the intent of the testator, looking at the instrument from its four corners, but is in fact in aid of such discovery and effectuation."
II. The court having found substantially these facts: (1) That Archie C. Artis, without the joinder of his wife, Ida L. Artis, conveyed to Mark Artis and Ida L. Artis the 30 acre tract in question, which was a part of the home site of Archie C. Artis, and died seized of 72 acres of other land; (2) that, though the 72 acres have been divided between the five children of Archie C. Artis, including Mark Artis, plaintiff, no dower has been allotted to Ida L. Artis, as widow of Archie C. Artis; and (3) that the value of the entire 30 acres is not worth more than the *Page 763 
value of the dower estate of Ida L. Artis, as such widow, in the whole 102 acres of land, if same had been allotted to her, is Ida L. Artis entitled to the possession of the entire tract of 30 acres for and during the term of her natural life as and for the value of her dower estate? If so, all the parties in interest being in court, has the Superior Court jurisdiction on appeal thereto to so adjudge?
The statutes of this State and decisions of this Court answer each question in the affirmative.
The statutes pertaining to dower provide that "Every married woman, upon the death of her husband intestate, or in case she shall dissent from his will, shall be entitled to an estate for her life in one-third in value of all the lands, tenements and hereditaments whereof her husband was seized and possessed at any time during the coverture, in which third part shall be included the dwelling house in which her husband usually resided"; G. S., 30-4; G.S., 30-5; and that "no alienation of the husband alone, with or without covenants of warranty, shall have any other or further effect than to pass his interest in such estate, subject to the dower right of the wife," except in respect to mortgages or deeds of trust to secure purchase money. G.S., 30-6.
Hence, Ida L. Artis, upon the death of her husband, Archie C. Artis, became entitled to dower in all the lands of which he was seized and possessed at any time during coverture, — the dower to include the dwelling house in which he usually resided.
Moreover, ordinarily "no deed or other conveyance, except to secure purchase money, made by the owner of a home site, which shall include the residence and other buildings together with the particular lot or tract of land upon which the residence is situated, whether actually occupied by said owner or not, shall be valid to pass possession or title during the lifetime of the wife" unless she joins with her husband in the execution of such deed or conveyance in the manner provided by statute. G.S., 30-8, and amendment thereto. Session Laws 1945, Chapter 73, Sec. 2.
This Court, considering the statute G.S., 30-8, in connection with dower, in the case of Boyd v. Brooks, 197 N.C. 644, 150 S.E. 178, held that a conveyance by the husband, of his home site, without the joinder of his wife, does not deprive her of her right of dower, either inchoate or consummate, and that at his death, she, surviving him, is entitled to dower in the home site, after the conveyance, just as she was before the conveyance. Moreover, the Court further held that the title conveyed by such conveyance, with the right of possession under such title, passes to the grantee upon the death of the husband, subject only to the dower right of the wife, if she survive her husband.
In the light of the statute, as so applied by the Court, the title to an undivided half interest in the home site, acquired by Mark Artis, under *Page 764 
the deed from Archie C. Artis, passed to him subject to the dower right of Ida L. Artis, as widow of Archie C. Artis.
Furthermore, the equitable jurisdiction of the Superior Court over dower, Campbell v. Murphy, 55 N.C. 357, has not been taken away by giving cognizance of such matters to the Clerk of Superior Court. Pollard v.Slaughter, 92 N.C. 72. See also Efland v. Efland, 96 N.C. 488,1 S.E. 858; Sparger v. Moore, 117 N.C. 449, 23 S.E. 359; Trust Co. v.Watkins, 215 N.C. 292, 1 S.E.2d 853.
And when the Superior Court once acquires jurisdiction of a case, it will administer all necessary incidental matters connected with the litigation. Sparger v. Moore, supra. See also Brake v. Brake, ante, 609.
Thus, after careful consideration of all matters of law presented on this appeal, we conclude that the judgment below is correct.
Affirmed.