OSCOE BASNIGHT, MELVIN BASNIGHT, ST. CLAIRE BASNIGHT, MIL-
ROE ETHERIDGE, MYRTLE B. PECK, AND ENID B. FORD v. G. R.
DILL, HARRIET G. DILL, SARAH DILL, A. T. DILL, JR., THOMAS
G. DILL, JOHN B. GREEN, GRACE G. BURNETTE, MATTIE G. TURN-
BULL, BENJAMIN B. HURST, MARY EMMA HIRSHFIELD, MAR-
THA H. GIBBS, AND LENA W. GREEN.

(Filed 7 March, 1962.)

**1. Wills § 33—**

A devise of property by will is to be construed as one in fee simple un-
less the will contains plain and express language disclosing a contrary
intent. G.S. 31-38.

**2. Same—**

A devise of land to husband and wife by the entireties with further
provision that if the devisees should die in possession of the property it
should descend to the heirs of testatrix's mother, *is held* to carry the fee
to the husband and wife by the entireties, and the subsequent devise to the
heirs of testatrix's mother is void as repugnant to the fee theretofore
devised. Upon the death of the surviving wife in possession of the lands
the property goes to the residuary devisee under her will.

WINBORNE, C.J., not sitting.

APPEAL by defendants from *Bone, J.,* November Civil Term 1961 of
CRAVEN.

This was a civil action tried upon an agreed statement of facts with-
out the intervention of a jury, all parties having waived trial by jury.

The facts essential to an understanding of the question in controversy
on this appeal are as follows:

Mrs. Kate Churchill McGehee, prior to her death, was the owner in
fee simple of a certain lot or parcel of land known as No. 100 Pollock
Street, New Bern, North Carolina. Mrs. McGehee died testate on 28
August 1931; her last will and testament was probated on 3 September
1931 and appears of record in the office of the Clerk of the Superior
Court of Craven County in Will Book J, at page 206. The controversial
portion of the second item in said will reads as follows: "I give, devise
and bequeath to Mr. A. M. Bell and Mrs. Della Bell, his wife, by the
entireties as husband and wife, my home at No. 100 Pollock St., New
Bern, N. C. adjoining that of my uncle, T. A. Green, which I recently
purchased from Mrs. Belle M. Hyman: But in the event the said A. M.
Bell and wife Della should die in possession of the property, then the
same shall descend to the heirs of Mrs. Susan A. Churchill, my mother.
* * *"

A. M. Bell and wife, Della Bell, took possession of the devised
property shortly after the probate of Mrs. McGehee's will, and re-
mained in possession thereof until the death of A. M. Bell on 3 May

1938. Mrs. Della Bell then continued in possession thereof until her death on 1 February 1961.

Mrs. Della Bell died testate and her will was probated in the office of the Clerk of the Superior Court of Craven County and appears of record in Will Book N, at page 170.

Plaintiffs in this action are the residuary devisees under the will of Della Basnight Bell, who was one and the same person as Della Bell. Defendants in this action are the heirs of Mrs. Susan A. Churchill.

This action was instituted for the purpose of having the court construe that portion of the second item of the will of Mrs. Kate Churchill McGehee quoted above.

The court below held that the will of Mrs. Kate Churchill McGehee devised to A. M. Bell and his wife, Della Bell, an estate in fee simple as tenants by the entirety, and that the plaintiffs under the last will and testament of Della Basnight Bell were devised an estate in fee simple absolute in and to said property. Judgment was entered accordingly.

The defendants appeal, assigning error.

*Barden, Stith & McCotter for plaintiff appellees.*
*Raymond E. Sumrell; Dill & Fountain for defendants, appellants.*

DENNY, J. The sole question for determination on this appeal is simply this: Did the last will and testament of Kate Churchill McGehee vest in A. M. Bell and wife, Della Bell, an estate in fee simple in and to the property described in the second item of said will?

G.S. 31-38 reads as follows: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

Therefore, unless a will contains plain and express language, showing that the testator did not intend to devise a fee, the devise will be construed as one in fee simple.

In *Lineberger v. Phillips,* 198 N.C. 661, 153 S.E. 118, the testatrix devised real property, including the lot in question, to her son, Laban Lineberger, with absolute power of disposition, but should he die without children, it was provided in the will that the property which had not been disposed of at his death would devolve upon the testatrix's brother, in trust, for the use and benefit of the wife and children of a deceased son by her second marriage. *Stacy, C.J.,* in speaking for the Court, said: "The case turns on the question as to whether Laban Lineberger acquired an undivided one-half interest in fee, or is able

to convey such an interest, in the lands devised to him in items three and four of his father's (mother's) will.

"His Honor correctly held for the plaintiffs. *Roane v. Robinson,* 189 N.C. 628, 127 S.E. 626. It is provided by C.S. 4162 (now G.S. 31-38), that when real estate is devised to any person the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. Hence, under this statute, an unrestricted devise of real estate passes the fee. *Barbee v. Thompson,* 194 N.C. 411, 139 S.E. 838. Indeed, it is generally necessary that restraining expressions be used to confine a devise to the life of the devisee. *Holt v. Holt,* 114 N.C. 241, 18 S.E. 967."

In the case of *Roane v. Robinson,* 189 N.C. 628, 127 S.E. 626, Mrs. Virginia Roane died on 22 June 1905, leaving a last will and testament which was duly probated. After making certain specific bequests of jewelry, she left everything else she owned to her husband, "personal and real, to be his own, entirely and solely, to use and spend as he chooses, without any restriction. In the event, however, that he does not marry and have issue, I wish what is left of my realty at his death to be divided" as set out in the fourth item of her will. Mr. Roane remarried but had no children born of the second marriage. He contracted to sell certain real estate devised to him by his first wife. The question raised was whether or not he had a fee simple title to the property. This Court said: "The question presented has been before the Court so often that nothing more is necessary than a brief review of some of the decisions in which the controlling principle is treated. Whether a devise of land with a power of disposition over it carries the fee or a lesser estate is obviously dependent upon the terms in which it is expressed. The rule is clearly stated in *Carroll v. Herring* (180 N.C. 369, 104 S.E. 892): 'Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy. The only exceptions to such a rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition.' "

In *Burgess v. Simpson,* 224 N.C. 102, 29 S.E. 2d 38, the following provision in a will was in controversy: "I give, devise and bequeath to my beloved wife, Bessie Pitt Burgess, all of my worldly estate, real, personal or mixed, to which I shall be entitled at the time of my decease; to have and to hold to her and her executors, administrators and assigns, forever. However, let it be provided that at the end of my beloved wife's natural existence, should the whole or any part thereof of my original estate remain undisposed of by her, the same shall go to my nearest of kin, the same to be theirs absolutely, and in fee simple forever." This Court held in a *Per Curiam* opinion that the devisee acquired a fee simple title to the real estate devised, on authority of *Lineberger v. Phillips, supra.*

In the case of *Heefner v. Thornton,* 216 N.C. 702, 6 S.E. 2d 506, the testator devised property to his wife "with full and complete power to her to use, consume and dispose of the same absolutely as she shall see fit," followed by a provision that, "(A)fter the death of my wife I bequeath and devise whatever of my estate shall remain unconsumed and undisposed of by my said wife to my wife's nephew, Briggs Thornton * * *." This Court held that the latter clause was repugnant to the absolute gift to the wife and was void and would not defeat the devise and bequest to her, nor limit it to a life estate.

Among the other cases in accord with the conclusion reached in the following decisions and in the court below, we cite the following: *Patrick v. Morehead,* 85 N.C. 62, 39 Am. Rep. 684; *Fellowes v. Durfey,* 163 N.C. 305, 79 S.E. 621; *Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892; *Barbee v. Thompson,* 194 N.C. 411, 139 S.E. 838; *Hambright v. Carroll,* 204 N.C. 496, 168 S.E. 817; *Barco v. Owens,* 212 N.C. 30, 192 S.E. 862; *Peyton v. Smith,* 213 N.C. 155, 195 S.E. 379; *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 358. Cf. *Rudisill v. Hoyle,* 254 N.C. 33, 118 S.E. 2d 145.

The words "give, devise and bequeath," used by Kate Churchill McGehee in devising her property at 100 Pollock Street, New Bern, North Carolina, to A. M. Bell and wife, Della Bell, as tenants by the entireties, in light of the provisions of G.S. 31-38, gave them a fee simple title to the devised property. Moreover, the language, "(B)ut in the event the said A. M. Bell and wife Della should die in possession of the property," carries the connotation that they had the power to sell the property and might not be in possession thereof at the time of their death. Therefore, the attempted devise over was void for repugnancy. *Roane v. Robinson, supra.*

Upon the death of A. M. Bell, his wife, Della Bell, became the sole owner of the devised property in fee simple. Consequently, defendant

heirs of Mrs. Susan A. Churchill have no right, title, interest or estate in the premises in controversy.

We concur in the judgment entered below, and it is
Affirmed.

WINBORNE, C.J., not sitting.